## In the Matter of the Expunction of Laura Sue WORRELL.

### No. 08–08–00292–CV.

Court of Appeals of Texas, El Paso.

Jan. 5, 2011.

Rehearing Overruled Feb. 9, 2011.

Ralph E. Girvin, Assistant County Attorney, El Paso, TX, for The State.

Stuart L. Leeds, El Paso, TX, for Appellee.

Before CHEW, C.J., McCLURE, and RIVERA, JJ.

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

El Paso County appeals an order of expunction in relation to an arrest for possession of marijuana, under two ounces. For the reasons that follow, we reverse and render judgment denying the petition for expunction.

In 2001, Laura Sue Worrell was arrested for the offense of possession of marijuana, under two ounces. Pursuant to an agreement with the County Attorney, Ms. Worrell completed a pretrial diversion program and the charges were dismissed on April 2, 2002. On June 20, 2008, Ms. Worrell filed a petition to expunge the records of her 2001 arrest. El Paso County answered the petition in opposition of the expunction, claiming that pursuant to Ms. Worrell's agreement with the County Attorney, which permitted her to participate in pretrial diversion, and which lead to the charges being dismissed, she had also waived her right to seek expunction of the arrest records.

The petition came to be heard in the 409th Judicial District Court on August 28, 2008. During the hearing, the County offered two documents into evidence and the court admitted them without objection. By supplemental record, filed at this Court's request, the appellate record contains Exhibit "R–1," the agreement Ms. Worrell signed in 2001, and Exhibit "R–2," the State's request for dismissal and the trial court's order dismissing Ms. Worrell's possession charge. In addition to notifying Ms. Morrell of her right to a speedy trial as provided by the Texas Constitution and the Texas Code of Criminal Procedure, the first paragraph of Exhibit R–1 states:

> I further understand I have the right in accordance with Article 55.01, T.C.C.P., to have my criminal record expunged if I successfully complete the [pretrial diversion program] in accordance with Article 55.01, T.C.C.P.

> I hereby agree to voluntarily waive the foregoing rights as set out by Articles 1.05 and 55.01, T.C.C.P., and in accordance with Article 1.14, T.C.C.P., as a condition of my participation in the [pretrial diversion program].

Ms. Worrell's signature appears immediately below this paragraph.

The petitioner, Ms. Worrell, did not offer any evidence at the hearing, but of-

fered several arguments including: (1) that Article 55.01 of the Texas Code of Criminal Procedure does not provide that a "PTD contract" is an exception to the expunction statute; (2) that state criminal procedure and state contract law in. this case were superceded by the Equal Protection Clause of the United States Constitution; and (3) that the County was free to sue Ms. Worrell for breach of contract if it chose to do so. The Court took the evidence and arguments under advisement, and issued its written order granting the petition for expunction on September 3, 2008.

On appeal, the County raises a single issue in which it contends the trial court abused its discretion by granting Ms. Morrell's petition. We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Jackson,* 132 S.W.3d 713, 715 (Tex. App.-Dallas 2004, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to guiding rules and principles of law. *Cire v. Cummings,* 134 S.W.3d 835, 838–39 (Tex.2004). When conducting such a review, the appellate court may not substitute its judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the court's discretion. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985). However, the trial court's legal conclusions remain subject to *de novo* review, and are not entitled to deference by this Court. *Heritage Resources, Inc. v. Hill,* 104 S.W.3d 612, 619 (Tex.App.-El Paso 2003, no pet.).

The right to expunction is a statutory privilege. *In re Expunction of Ramirez,* 143 S.W.3d 856, 858 (Tex.App.-El Paso 2004, no pet.). Article 55.01 of the Texas Code of Criminal Procedure controls a criminal defendant's right to have all records and files related to the arrest

expunged. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(Vernon Supp. 2010). The burden of proof for compliance with the statute in an expunction proceeding rests with the petitioner. *Collin County Criminal Dist. Attorney's Office v. Dobson,* 167 S.W.3d 625, 626 (Tex.App.-Dallas 2005, no pet.). Article 55.01 requires strict compliance, leaving courts without equitable power to expunge criminal records. *See Texas Dept. of Pub. Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.-El Paso 1985, no writ).

Primarily, the County argues the trial court's judgment in this case constitutes an abuse of discretion due to the petitioner's failure to offer any evidence to support her claim for expunction, or her assertions that the waiver agreement was invalid. Ms. Worrell does not contest the County's contention that she failed to offer any evidence in support of her petition. Instead, in a supplemental letter of authorities filed in this Court, Ms. Worrell contends that the trial court's ruling does not constitute an abuse of discretion based on a recent amendment to the expunction statute. At the time the trial court ruled on Ms. Worrell's petition, Article 55.01 provided, in relevant part:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, of an indictment or infor-

mation charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(Vernon 2006).

During the 2009 regular session, the Texas Legislature amended subparagraph (a)(2)(A)(ii), as follows:

(ii) the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(ii)(Vernon Supp. 2010). The amendment took effect on September 1, 2009.

Via retroactive application, Ms. Worrell contends this provision provides a basis for the trial court's expunction order. She contends, based in part on the San Antonio Court of Appeals opinion in *State v. Arellano*, that "amendments to the expunction statutes are to be applied retroactively." 801 S.W.2d 128 (Tex.App.-San Antonio 1990, no writ). In *Arellano*, the reviewing court made the seemingly broad statement that "[t]he expunction statute is essentially remedial in nature and should be given the most comprehensive and liberal construction possible." *Arellano*, 801 S.W.2d at 130. However, this statement was made in the context of a comparably narrow issue: whether expunction, as a statutorily created remedy, should be available to petitioners whose indictments had been dismissed before the passage of the expunction statute. *Arellano*, 801 S.W.2d at 130. Ultimately, based on the statute's legislative history, the court ruled in the petitioner's favor. *Id.* at 130–34.

By comparison, in the case before us, Ms. Worrell would have this Court affirm the expunction order based on a ground for expunction that did not exist until almost a year after the trial court disposed of the case. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(ii). In addition, we note that the Legislature has demonstrated that it is capable of identifying provisions that it intends to apply retroactively in other amendments to Article 55.01. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01 cmt. (Vernon 2006)(noting that amendments to expunction statute made by the 73rd, 76th, 77th, and 78th Legislatures included language for retroactive application). Because we disagree with Ms. Worrell's interpretation of the *Arellano* opinion, and

because the Legislature declined to specify that this particular amendment was intended to apply retroactively, we decline to apply the statute to these facts. Rather, we recognize that an expunction is a statutory cause of action, and not a common-law right, the trial court had no equitable power to extend the clear meaning of the then-current version of the statute. *See Tex. Dept. Of Public Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex.App.-Houston [1st Dist.] 1994, no writ), *citing Harris Cty. Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex.App.-Houston [14th Dist.] 1992, writ denied). Under the pre-amendment version, a petitioner had no right to expunction based on completion of a pretrial diversion program. Likewise, the trial court had no basis to grant a petition for expunction on such a ground. Accordingly, without expressing an opinion on the application of the amendment to Article 55.01(a)(2)(A)(ii), we hold that it was not a proper basis for the expunction order in this case.[1]

We now turn to the remainder of the County's arguments. There is no dispute that Ms. Worrell failed to offer any evidence to support her petition for expunction. In addition, without expressing any opinion on the propriety of the alternative arguments she presented to the trial court,

the record is also wholly devoid of any evidence to support Ms. Worrell's claim that the PTD agreement was unenforceable, or that her right to equal protection was violated.[2] Ms. Worrell failed to introduce any evidence at the hearing in support of her petition for expunction, her claim that her equal protection rights had been violated by the County's actions, or her argument that the PTD agreement was unenforceable.

As it was Ms. Worrell's burden to prove her right to an expunction under Article 55.01, and as the trial court had no equitable ability to grant her petition absent compliance with the statute, we conclude the trial court's order constituted an abuse of discretion. *See Ramirez*, 143 S.W.3d at 858–59. Accordingly, we sustain the County's sole issue, reverse the trial court's expunction order, and render judgment denying Ms. Worrell's petition.

1. This Court has previously upheld waivers of the right to seek expunction in exchange for the ability to participate in a pretrial diversion program. *See In re D.R.R.*, 322 S.W.3d 771, 773–74 (Tex.App.-El Paso 2010, no pet.); *In re Expunction of Jones*, 311 S.W.3d 502, 505–06 (Tex.App.-El Paso 2009, no pet.); *Expunction of Arnold*, 34 S.W.3d 583, 586–87 (Tex.App.-El Paso 2000, no pet.). Ms. Worrell suggests that the 2009 amendment invalidates this line of cases. We have not had the opportunity to reconsider this issue now that the Legislature has added participation in a pretrial diversion program as a basis for expunction. Moreover, the amendment calls into question the district attorney's policy requiring defendants to waive expunction as a condition of participating in a pretrial diversion

program, since that policy effectively nullifies the Legislature's intent. *See In re D.R.R.*, 322 S.W.3d at 775 (Chew, C.J., dissenting)(noting that the District Attorney for the 34th Judicial District has a policy requiring defendants to waive their right to an expunction if they want to enroll in the pretrial diversion program). But because the 2009 amendment does not apply here, this is not the appropriate time to revisit these issues.

2. We also note that as the equal protection claimant, it was Ms. Worrell's burden to establish a constitutional violation. *Walker v. State*, 222 S.W.3d 707, 711 (Tex.App.-Houston [14th Dist.] 2007, pet. ref'd).