In the Matter of the Expunction of Thomas Christopher RETZLAFF.

No. 08–10–00223–CV.

Court of Appeals of Texas, El Paso.

July 27, 2011.

T.C.R., San Antonio, TX, pro se.

J. Frank Davis, Courtney Hunt Moore, Texas Department of Public Safety, Expunction Attorney, Crime Records Service, Austin, TX, Sheri Bryce Dye, Assistant District Attorney, Bexar County District Attorney–Civil, San Antonio, TX, for Appellees.

Before CHEW, C.J., McCLURE, and RIVERA, JJ. *

**OPINION**

DAVID WELLINGTON CHEW, Chief Justice.

Thomas Christopher Retzlaff appeals the trial court's order denying his petition for expunction of several misdemeanor harassment charges. In two issues, he challenges the trial court's ruling on his petition, and contends the court abused its discretion by denying his motion for continuance.

Appellant was arrested in San Antonio for six counts of misdemeanor harassment between August and December 2008. Criminal charges were filed in Neuces County Court at Law Number Four. The charges were dismissed by a court order filed on January 28, 2010, because the complaining witness could not be located.

Appellant filed his petition for expunction of the harassment charges on February 9, 2010. The State opposed the motion, arguing that Appellant could not meet his burden to prove his right to expunction under Texas Code of Criminal Procedure Article 55.01(a), because the statute of limitations for the charged offenses had not expired prior to the date on which Appellant filed his petition for expunction. *See* Tex.Code Crim. Proc. Ann. 55.01(a)(2)(A)(i)(West Supp.2010).

The district court heard evidence and argument regarding the petition on March 25, 2010. Appellant argued that the harassment charges had been dismissed "with prejudice" in the Neuces County Court at Law, which he asserted was equivalent to having been found not guilty of the offenses. He concluded, therefore, that the limitations period was not a bar to his petition. In support of his argument, he represented to the trial court that he had subpoenaed the judge of the County Court at Law to testify to the fact that the charges had, in fact, been dismissed with

prejudice. Appellant also moved for a continuance of the expunction hearing on the basis that this witness failed to appear to testify. The trial court denied Appellant's motion.

The State produced a certified copy of the State's motion to dismiss the harassment charges, as well as a certified copy of an order dismissing those charges. The documentation did not indicate that the charges were dismissed, "with prejudice" as Appellant argued. The trial court denied Appellant's petition in open court at the end of the hearing, and entered a written order to that effect on the same day.

Following the denial of his motion for new trial, and entry of findings of fact and conclusions of law, Appellant timely perfected his appeal to this Court. He raises two issues for our review. In Issue One, he contends the trial court erred by denying his petition for expunction because he established that he had, "fulfilled all of the statutory requirements necessary to be entitled to an expunction." In Issue Two, Appellant argued that the trial court abused its discretion by denying his motion for continuance.

■ We will begin our analysis with Issue Two. The decision to grant or deny a motion for continuance is within the trial court's sound discretion. *Wilborn v. GE Marquette Med. Sys., Inc.,* 163 S.W.3d 264, 267 (Tex.App.-El Paso 2005, pet. denied). A court's ruling will not be disturbed absent a clear showing in the record that the court's clearly abused that discretion. *Wilborn,* 163 S.W.3d at 267. Even in the case of a legal error by the trial court, the case cannot be reversed unless this Court concludes that error complained of probably caused the rendition of an improper judgment, or prevented the appellant from presenting his case on appeal. Tex.R.App. P. 44.1(a).

■ Appellant's argument is based on the presumption that if he had appeared and testified at the expunction hearing, the judge of the county court at law would have testified that Appellant's harassment charges were dismissed with prejudice. Such testimony would have been in complete contradiction to the documentary evidence presented by the State in the district court. The district court noted on the record both the certified copies of the State's motion to dismiss the charges based on their inability to locate the complaining witness, and a certified copy of the judgment of dismissal, dated January 28, 2010, which contains no indication that the charges were dismissed with prejudice. In essence, Appellant's argument is an attempt to collaterally attack the dismissal judgment, and by doing so, alter the judgment's effect.

■ A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose. *Adams v. State,* 222 S.W.3d 37, 57 (Tex.App.-Austin 2005, pet. ref'd). In addition to circumstances not at issue here, collateral attacks in the criminal context are generally limited to cases where the judgment is void. *See Nix v. State,* 65 S.W.3d 664, 668–69 (Tex.Crim.App.2001). In this case, Appellant makes no argument that the dismissal judgment was void. In fact, his argument indicates that he believes the judgment should be afforded more authority than is apparent on its face, or is apparent from the context in which it was rendered. Under these circumstances, the trial court did not abuse its discretion by denying Appellant's request for a continuance. Issue Two is overruled.

In Issue One, Appellant argues the trial court erred by denying his petition because he established his right to have the

harassment charges expunged. The State responds to Appellant's argument by arguing that there is no evidence that the Statute of limitations has expired on Appellant's harassment charges. In essence, Appellant raises a "matter of law," legal sufficiency challenge against the trial court's finding that the limitations period had not expired on the date he filed his petition. *See In re E.R.W.*, 281 S.W.3d 572, 574 (Tex.App.-El Paso 2008, pet. denied); *In re J.A.*, 186 S.W.3d 592, 595 (Tex.App.-El Paso 2006, no pet.).

A challenge to the trial court's fact findings will be reviewed under the same standard applicable to a review of the evidence supporting a jury's answer. *In re J.A.*, 186 S.W.3d at 594. In a legal sufficiency review, we consider only the evidence and inferences that, when viewed in a light most favorable to a verdict, tend to support the finding. *See id.* By the same token, evidence and inferences that are contrary to the judgment will be disregarded. *Id.*

■ The right to an expunction is a statutory privilege. *Id.* Article 55.01 of the Texas Code of Criminal Procedure provides the statutory requirements for both felony and misdemeanor expunction. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a). As with any statutory cause of action, all provisions are mandatory and exclusive. *In re J.A.*, 186 S.W.3d at 595–96. A person is only entitled to an Article 55.01 expunction when all of the statutory conditions have been met. *In re J.A.*, 186 S.W.3d at 595–96. The burden to establish compliance with the statute rests with the petitioner. *Id.* at 596.

■ In relevant part, Article 55.01 states that a person charged with a felony or misdemeanor is entitled to an expunction only if:

(2)each of the following conditions exist:

(A)[I]f an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i)the limitations period expired before the date on which a petition for expunction was filed under Article 55.02;

TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(i). The limitations expiration requirement, the only statutory condition at issue on this case, applies to both felony and misdemeanor offenses. *State v. Beam*, 226 S.W.3d 392, 395 (Tex.2007). Therefore, to be entitled to an expunction Appellant's burden included establishing that the limitations period expired prior to February 9, 2010, the date he filed his petition for expunction. *See Beam*, 226 S.W.3d at 395. The limitations period for a misdemeanor offense is two years from the date of the commission of the offense. *See* TEX.CODE CRIM.PROC.ANN. art. 12.02 (West Supp.2010). In calculating the limitations period, the time during the pendency of a charging instrument is not included. *See* TEX.CODE CRIM.PROC.ANN. art. 12.05(b)(West 2010).

■ The record in this case indicates that the harassment offenses took place between August and December of 2008, although the date of Appellant's arrest and the date of the charging instrument are unclear. Regardless of the applicable tolling provision however, there is no evidence, nor any reasonable inferences that can be drawn from the evidence, that would support a conclusion that the limitations period had expired on February 9, 2010. As such, the evidence is legally sufficient to support the trial court's finding. Appellant failed to satisfy his burden of proof, and did not demonstrate his entitlement to an expunction. *See* TEX.CODE

CRIM.PROC.ANN. art. 55.01(a)(2)(A)(i). Issue One is overruled.

We affirm the trial court's judgment.