**In the Matter of the Expunction of R.B.**

No. 08–10–00165–CV.

Court of Appeals of Texas, El Paso.

Jan. 11, 2012.

---

Ian R. Kaplan, Assistant County Attorney, El Paso, TX, for Appellant.

Sheldon A. Myers, Wyatt, Underwood & Myers PLLC, El Paso, TX, for Appellee.

Before McCLURE, C.J., ANTCLIFF, J., and CHEW, C.J. (Senior) sitting by assignment.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice.

The El Paso County Attorney's Office, El Paso County Sheriff's Office, El Paso County Clerk's Office, El Paso District Attorney's Office,[1] El Paso District Clerk's Office, Records Management and Archives, the Director of West Texas Community Supervision and Corrections Department, the Director of El Paso County Court Administration, and the Jail Magistrate, appeal from an order expunging R.B.'s records in connection with an arrest for theft of property with a value of more than $50 but less than $500, a Class B misdemeanor. We sustain the sole issue for review, reverse and render judgment denying the petition for expunction.

### FACTUAL SUMMARY

R.B. filed a petition seeking to expunge all records related to his arrest for theft of property. Appellants filed a general denial and raised an affirmative defense that R.B. had waived his right to an expunction. At the expunction hearing, R.B. stipulated that he had been arrested for theft and had participated in a pretrial diversion (PTD) program. He further stipulated

---

1. The petition and order of expunction list this party's name as El Paso District Attorney's Office rather than the 34th Judicial District Attorney's Office, but it is clear that the order is directed to the 34th Judicial District Attorney's Office.

that he had signed, on February 7, 2006, an agreement entitled "Waiver of Speedy Trial and Waiver of Right of Expunction and Voluntary Agreement to Participate in the Pre–Trial Diversion Program" (the PTD agreement). R.B. successfully completed PTD and his misdemeanor theft case was dismissed. At the time R.B. signed the PTD agreement, he was represented by counsel and he understood that his arrest could not be expunged. During cross-examination, R.B. further admitted that he had read the PTD agreement and his attorney had explained it to him before he signed it. The trial court granted the petition for expunction.

## WAIVER OF RIGHT TO SEEK EXPUNCTION

In one issue for review, Appellants contend that the trial court abused its discretion by granting R.B.'s petition for expunction because he waived his right as a condition of participating in the PTD program in 2006. R.B. does not challenge the validity of the PTD agreement or the voluntariness of his waiver. Instead, he argues that he only waived his statutory right to obtain an expunction under the version of Article 55.01 in effect at the time he signed the PTD agreement, and that under the former law he could not seek an expunction based on successful completion of a PTD program. R.B. contends he could not validly waive a future statutory right to seek an expunction based on successful completion of a PTD program.

### General Law Related to Expunctions

■ The right to an expunction is not a constitutional or common-law right, but rather is a statutory privilege. *In the Matter of the Expunction of Retzlaff*, 345 S.W.3d 777, 780 (Tex.App.-El Paso 2011, no pet.); *Texas Department of Public*

*Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.-Houston [14th Dist.] 2008, no pet.). Chapter 55 of the Texas Code of Criminal Procedure governs expunction of criminal records. TEX.CODE CRIM.PROC.ANN. arts. 55.01–55.06 (West 2006 & Supp. 2011); *Ex parte S.C.*, 305 S.W.3d 258, 260 (Tex.App.-Houston [14th Dist.] 2009, no pet.). Under Article 55.01, which is entitled "Right to Expunction," a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if certain statutory requirements are met. TEX.CODE CRIM.PROC.ANN. art. 55.01. Although the expunction statute is found in the Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *Ex parte S.C.*, 305 S.W.3d at 260; *J.H.J.*, 274 S.W.3d at 806. As with any statutory cause of action, all provisions are mandatory and exclusive. *In re Retzlaff*, 345 S.W.3d at 780. The burden to establish compliance with the statute rests with the petitioner. *Id.*

### Standard of Review

■ A trial court's ruling on a petition for expunction is reviewed for an abuse of discretion. *In the Matter of the Expunction of Worrell*, 334 S.W.3d 342, 344 (Tex. App.-El Paso 2011, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably and without reference to guiding rules and principles of law. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex.2004). We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the court's discretion. *Worrell*, 334 S.W.3d at 344. The trial court's legal conclusions are subject to *de novo* review. *Id.*

### The Scope of R.B.'s Waiver

■ Appellants argue on appeal, as they did in the trial court, that R.B. waived

his right to expunge his record related to the theft charge. Waiver is the intentional relinquishment or abandonment of a known right or privilege. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex.2003). It is well established that a defendant can waive any rights secured him by law. TEX. CODE CRIM.PROC.ANN. art. 1.14(a)(West 2005). Such a waiver is judicially enforceable unless the waiver is not knowingly and intelligently made. *In the Matter of the Expunction of Jones*, 311 S.W.3d 502, 505 (Tex.App.-El Paso 2009, no pet.), *citing Blanco v. State*, 18 S.W.3d 218, 219 (Tex.Crim.App.2000).

█ The PTD agreement signed by R.B. in 2006 provided, in relevant part, that:

> I understand I have an absolute right to a speedy trial as provided by the Texas Code of Criminal Procedure (T.C.C.P.), Article 1.05, Article I, Section 10 Texas Constitution and the 6th Amendment. **I further understand that I have a right in accordance with Article 55.01, T.C.C.P., to have my criminal record expunged if I successfully complete the P.T.D. Program in accordance with Article 55.01, T.C.C.P. I hereby agree to voluntarily waive the foregoing rights as set out by Articles 1.05 and 55.01, T.C.C.P., and in accordance with Article 1.14, T.C.C.P., as a condition of my participation in the P.T.D. Program.** [Emphasis added].

R.B.'s argument in the trial court turned on whether he had a right under the 2006 version of Article 55.01 to obtain an expunction if his case was dismissed following successful completion of the pretrial diversion program. If R.B. could have sought an expunction based on his successful completion of PTD under that version of Article 55.01, his allegation about the limited scope of his waiver fails.

### *Article 55.01*

Article 55.01 has undergone numerous amendments since its introduction in 1977. For many years, appellate courts have acknowledged that the primary purpose of the expunction statute is to provide relief from the consequences of a wrongful arrest. *See e.g., Harris County District Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991); *State v. Taylor*, 266 S.W.3d 553, 556 (Tex.App.-Tyler 2008, pet. denied); *Ex parte Munoz*, 139 S.W.3d 349, 350 (Tex.App.-San Antonio 2004, no pet.); *Barker v. State*, 84 S.W.3d 409, 411 (Tex. App.-Fort Worth 2002, no pet.); *Texas Department of Public Safety v. Woods*, 68 S.W.3d 179, 182 (Tex.App.-Houston [1st Dist.] 2002, no pet.). This continues to be a primary purpose of Article 55.01, but legislative amendments in the last ten years reflect an intent to move Article 55.01(a)(2) away from an exclusive "mistake" model of expunction to include aspects of a rehabilitation model. *See Texas Department of Public Safety v. Nail*, 305 S.W.3d 673, 682 (Tex.App.-Austin 2010, no pet.); *T.C.R. v. Bell County District Attorney's Office*, 305 S.W.3d 661, 671–72 (Tex. App.-Austin 2009, no pet.).

In 2009, the Legislature amended Article 55.01 to expressly permit a person to obtain an expunction where the trial court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011 of the Texas Government Code.[2] Acts 2009,

---

**2.** Under Section 76.011(a)(1), a community supervision and corrections department is authorized to operate programs for the supervision and rehabilitation of persons in pretrial intervention programs. TEX.GOV'T CODE ANN. § 76.011 (West Supp. 2011).

81st Leg., R.S., ch. 1103, § 17(b), 2009 TEX.GEN.LAWS 3019; Acts 2009, 81st Leg., R.S., ch. 840, § 5, 2009 TEX.GEN.LAWS 2088 [current version at TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2)(A)(ii)(West Supp. 2011)]. In 2011, the Legislature made this change in law retroactive. Acts 2011, 82nd Leg., R.S., ch. 690, § 7 ("This Act applies to an expunction of arrest records and files for any criminal offense: (1) that occurred before, on, or after the effective date [Sept. 1, 2011] of this Act"). The 2009 and 2011 amendments exemplify the move to a rehabilitation model.

At the time R.B. signed the PTD agreement, Article 55.01(a)(2) did not expressly address whether he could obtain an expunction of his misdemeanor theft records because his case had been dismissed following successful completion of PTD, but that does not necessarily mean that he was not entitled to an expunction. In 2006, Article 55.01(a)(2) provided that a person who had been arrested for commission of either a felony or misdemeanor could obtain an expunction of his records if he proved that each of the following conditions existed:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, **and:**

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; **or**

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; **and**

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

[Emphasis added]. TEX.CODE CRIM.PROC. ANN. art. 55.01(a)(2).[3]

Under this version of Article 55.01(a)(2), R.B. could have obtained an expunction of the records related to the misdemeanor theft offense if he proved that (1) an indictment or information charging him with the commission of a felony has not been presented for an offense arising out of the transaction for which he was arrested[4] [Article 55.01(a)(2)(A)]; (2) the limitations period had expired before the date on which a petition for expunction was filed [Article 55.01(a)(2)(A)(i)]; (3) he has been released and the charge has not resulted in a final conviction and is no longer pending,

3. Acts 2003, 78th Leg., R.S., ch. 1236, § 1, 2003 TEX.GEN.LAWS 3499. All references in the opinion to Article 55.01(a)(2) refer to this version of the statute unless noted otherwise.

4. The Texas Supreme Court stated in *State v. Beam,* 226 S.W.3d 392, 395 (Tex.2007) that "[t]his condition will always be satisfied in a misdemeanor case." The opinion fails to consider that a person can be initially arrested for a misdemeanor but later charged with a felony offense arising out of the same transaction. In such a case, the person would not automatically satisfy Article 55.01(a)(2)(A)'s requirement.

and there was no court ordered community supervision under Article 42.12 [5] [Article 55.01(a)(2)(B)]; and (4) he has not been convicted of a felony in the five years preceding the date of the arrest [Article 55.01(a)(2)(C)]. Thus, the 2006 version of Article 55.01 did not expressly authorize an expunction on the ground that R.B. had successfully completed a pretrial diversion program, but neither did the statute prohibit it. Given that R.B. had a right to seek an expunction at the time he signed the PTD agreement, his argument regarding the limited scope of his waiver fails.

Apparently, there is a common belief that prior to the 2009 amendment of Article 55.01, a person whose misdemeanor case was dismissed because he successfully completed a pretrial diversion program could not obtain an expunction of his records. We have found only a few cases which address whether expunction was available to a person who completed a pretrial diversion program. In *Texas Department of Public Safety v. Katopodis*, the trial court expunged the petitioner's records related to an arrest for delivery of anabolic steroids, a felony, because he had successfully completed a pretrial program.

*Texas Department of Public Safety v. Katopodis*, 886 S.W.2d 455, 456 (Tex.App.-Houston [1st Dist.] 1994, no writ). The First Court of Appeals concluded that the petitioner was not entitled to an expunction because he had failed to satisfy the statutory requirement that his indictment was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause to believe the petitioner had committed the charged offense or because the indictment was void. *Id.* [6] *Katopodis* is inapplicable here because R.B. was charged with a misdemeanor and the applicable version of Article 55.01(a)(2) did not require him to make this same showing.

In *Baker v. Texas Department of Public Safety*, No. 03–00–00441–CV, 2001 WL 491162 (Tex.App.-Austin May 10, 2001, no pet.), the Austin Court of Appeals considered whether a person whose misdemeanor charge had been dismissed following completion of a pretrial diversion program could obtain an expunction. The court analyzed Article 55.01 and concluded that a person charged with a misdemeanor of-

---

**5.** Under Article 42.12, there are two types of court-ordered community supervision: regular or straight community supervision and deferred adjudication community supervision. Tex.Code Crim.Proc.Ann. art. 42.12 §§ 3, 3g, 4, and 5 (West Supp. 2011). Pretrial diversion or pretrial intervention programs are authorized by Section 76.011 of the Government Code. Tex.Gov't Code Ann. § 76.011 (West Supp. 2011).

**6.** In 1994, Article 55.01(a)(2) provided that: A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if each of the following conditions existed:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was ar-

rested or, if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest. Acts 1993, 73rd Leg., R.S., ch. 900, § 7.02(a), 1993 Tex.Gen Laws 3763.

fense could satisfy Article 55.01(a)(2)(A) by showing either that the person was not charged by indictment or information with a felony offense arising out of the transaction underlying the misdemeanor offense or that if a felony charge had been brought against the petitioner it was dismissed for one of the reasons listed in the statute. *Baker*, 2001 WL 491162 at *1. Because Baker had been charged with a misdemeanor only, she did not have to prove that an indictment had been dismissed for one of the statutory reasons. *Id.* The court concluded that the petitioner had satisfied the statutory requirements because she had been released, she was not convicted of the misdemeanor, the charge was dismissed, and no court-ordered community supervision had been ordered. *Id.* at *2. We agree with the court's analysis of Article 55.01 and its conclusion regarding the elements which must be proven by a person seeking to expunge his arrest record related to a misdemeanor charge.

In *Texas Department of Public Safety v. Solis*, No. 04–05–00114–CV, 2005 WL 3050432 (Tex.App.-San Antonio Nov. 16, 2005, no pet.), the petitioner sought an expunction of the records related to his arrest and indictment for a felony offense because he had successfully completed a pretrial diversion program and the indictment had been dismissed. The trial court granted the expunction petition but the Fourth Court of Appeals, citing *Katopodis*, held that Solis had failed to prove that his indictment had been dismissed because of mistake, false information, or similar reason to indicate lack of probable cause that Solis had committed the offense. *Solis*, 2005 WL 3050432, at *2. The *Solis* opinion applied *Katopodis* without taking into consideration that Article 55.01 had been amended since *Katopodis* was decided and the applicable version of Article 55.01(a)(2) did not necessarily require that the petitioner prove that the indictment had been

dismissed due to a lack of probable cause. *See Solis*, 2005 WL 3050432, at *1 (setting out applicable version of Article 55.01). Consequently, we decline to follow it.

Finally, this court addressed in *Worrell* whether the evidence supported the trial court's expunction order in a case where the petitioner signed a PTD agreement like the one signed by R.B. *Worrell*, 334 S.W.3d at 344. In that case, the trial court granted the expunction even though the petitioner failed to offer any evidence in support of her petition. *Id.* at 344. Worrell argued on appeal that, despite her failure to offer any evidence, she was entitled to an expunction under the 2009 amendment to Article 55.01 which expressly permitted an expunction to be granted if the trial court found that the indictment or information had been dismissed because the person had completed a pretrial intervention program authorized under Section 76.011 of the Texas Government Code. Tex.Code Crim.Proc.Ann. art. 55.01(a)(2)(A)(ii). We rejected the argument because the statute had been amended almost one year after the trial court signed the expunction order and the trial court had no equitable power to extend the then-current version of the statute. *Worrell*, 334 S.W.3d at 346. We did state that "[u]nder the pre-amendment version, a petitioner had no right to expunction based on completion of a pretrial diversion program", but when the statement is read in context it is apparent we were referring to this not being an independent basis for the granting of an expunction at the time the trial court granted the expunction. *Id.* We did not hold that a person who had completed a pretrial diversion program could never establish his entitlement to an expunction under the pre–2009 version of Article 55.01. We do not so hold now.

The undisputed evidence reflects that R.B. executed the PTD agreement and

waived his statutory right to an expunction as a condition for participating in the pretrial diversion program. He has not challenged the voluntariness of his waiver, but only its scope.[7] Having found that argument unpersuasive, we conclude that the trial court erred by refusing to apply R.B.'s waiver to his petition for expunction. Appellants' sole issue on appeal is sustained. We reverse the expunction order and render judgment denying the petition for expunction.

DAVID WELLINGTON CHEW, Chief Justice, dissenting.

I respectfully dissent for the public policy reasons I have previously expressed. *See In re D.R.R.*, 322 S.W.3d 771, 775 (Tex.App.-El Paso 2010, no pet.)(Chew, C.J., dissenting).

7. The record reflects that R.B. was represented by counsel when he executed the PTD agreement and he testified that he understood he could not obtain an expunction. It is not clear whether R.B. understood he could not obtain an expunction because he had waived the right or if he waived the right because he mistakenly believed he could not obtain an expunction. R.B. did not testify regarding the advice provided by counsel or the impact it had on his decision to enter the pretrial diversion program and waive his right to an expunction. It is possible that an attorney's erroneous advice regarding the availability of expunction could invalidate a defendant's waiver of the right to an expunction but that issue is not before us.