**In the Matter of the Expunction of C.F.P.**

**No. 08–10–00266–CV.**

Court of Appeals of Texas, El Paso.

May 23, 2012.

TMLA's expert report requirements.

Ian R. Kaplan, Assistant County Attorney, El Paso, TX, for Appellant.

Miguel Cervantes, El Paso, TX, for Appellee.

Before McCLURE, C.J., RIVERA, and ANTCLIFF, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice.

The El Paso County Sheriff's Department, the El Paso County Attorney's Office, the El Paso County Clerk's Office, the El Paso District Clerk's Office, Records Management and Archives, the Director of West Texas Community Supervision and Corrections Department, the Jail Magistrate, and the El Paso County Detention Facility appeal from an order granting C.F.P.'s petition for expunction of an arrest record. Finding that C.F.P. waived his right to seek expunction of his arrest record, we reverse the trial court's order and render judgment denying the petition for expunction.

## FACTUAL SUMMARY

C.F.P. was arrested for assault causing bodily injury on August 12 2001. On February 18, 2003, C.F.P. entered into an agreement with the State of Texas for participation in the Pre-trial Diversion Program (the PTD Agreement). Under the PTD Agreement, the State would dismiss the assault case if C.F.P. successfully completed the Pre-trial Diversion Program. In exchange, C.F.P. waived certain rights as a condition of participation in the Pre-trial Diversion Program, including his right to have the arrest record expunged pursuant to Article 55.01 of the Texas Code of Criminal Procedure. C.F.P. successfully completed Pre-trial Diversion and the State, as agreed, dismissed the assault case on July 8, 2003. On July 9, 2009, C.F.P. filed a petition to expunge his arrest record related to the assault charge. Appellants opposed the petition on the ground that C.F.P. had waived his right to expunction as part of the PTD Agreement. Following a hearing, the trial court granted the petition for expunction. In its written findings of fact and conclusions of law,

the trial court found that C.F.P. was entitled to an expunction under Article 55.01(a)(2)(A)(ii) because the charge against him had been dismissed upon his completion of a pre-trial intervention program. Additionally, the court found that Appellants were barred from asserting that C.F.P. had waived his right to an expunction under the Agreement because the PTD Agreement "was no longer an active contract at the time of the filing of the above styled expunction in that the four year statute of limitations had expired."

## WAIVER OF THE RIGHT TO EXPUNCTION

In their sole issue on appeal, Appellants argue that the trial court abused its discretion by granting C.F.P.'s petition for expunction. We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In the Matter of the Expunction of D.R.R.*, 322 S.W.3d 771, 772–73 (Tex.App.-El Paso 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *In the Matter of the Expunction of Worrell*, 334 S.W.3d 342, 344 (Tex.App.-El Paso 2011, pet. denied). When conducting this review, the appellate court may not substitute its judgment for that of the trial court with respect to resolution of factual issues committed to the trial court's discretion. *Id.* The trial court's legal conclusions are not entitled to deference but are reviewed *de novo*. *Id.*

### Civil Statute of Limitations

Appellants first argue that Section 16.004 of the Texas Civil Practice and Remedies Code is inapplicable to the PTD agreement. We agree. In its written findings and conclusions, the trial court found that the PTD Agreement was unen-

forceable at the time C.F.P. filed his petition for expunction because Section 16.004(a)(1)'s four year statute of limitations period related to specific performance had expired, and therefore, Appellants were barred from asserting that C.F.P. had waived his statutory right to an expunction. Section 16.004(a) provides that:

> (a) A person must bring suit on the following actions not later than four years after the day the cause of action accrues:
>
> (1) specific performance of a contract for the conveyance of real property;
>
> (2) penalty or damages on the penal clause of a bond to convey real property;
>
> (3) debt;
>
> (4) fraud; or
>
> (5) breach of fiduciary duty.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.004(a)(West 2002).

We have on several occasions addressed challenges to pre-trial diversion agreements identical to the one executed by C.F.P. in this case. *See In the Matter of the Expunction of R.B.,* 361 S.W.3d 184 (Tex.App.-El Paso 2012, no pet.); *In re Worrell,* 334 S.W.3d at 345–46; *In re D.R.R.,* 322 S.W.3d at 773–74; *In the Matter of the Expunction of Jones,* 311 S.W.3d 502, 505–06 (Tex.App.-El Paso 2009, no pet.); *In the Matter of the Expunction of Arnold,* 34 S.W.3d 583, 585–87 (Tex.App.-El Paso 2000, no pet.). We have held that pre-trial diversion agreements are akin to a negotiated plea agreement. *In re D.R.R.,* 322 S.W.3d at 773. A negotiated plea agreement or "plea bargain" agreement is a contract between the State and the defendant. *Moore v. State,* 295 S.W.3d 329, 331 (Tex.Crim.App.2009). Generally, when a plea bargain agreement is not kept, the proper relief is either specific enforcement of the agreement or withdrawal of the plea, depending upon the requirements of the circumstances in each case. *Ex parte Williams,* 637 S.W.2d 943, 947–48 (Tex.Crim.App.1982).

The right to expunction is a statutory privilege. *Texas Department of Public Safety v. Wallace,* 63 S.W.3d 805, 806 (Tex.App.-Austin 2001, no pet.). An expunction proceeding is civil rather than criminal in nature. *Texas Department of Public Safety v. J.H.J.,* 274 S.W.3d 803, 806 (Tex.App.-Houston [14th Dist.] 2008, no pet.). While an expunction is civil in nature, we have found no authority for applying any of the limitations provisions of the Civil Practice and Remedies Code to an expunction proceeding or to a party's affirmative defense of waiver based upon a plea bargain agreement between the State and a defendant in a criminal case.

Even assuming for the sake of argument that a party's affirmative defense raised in an expunction proceeding could fall within the reach of Section 16.004(a), the statute is inapplicable here because Appellants have not filed suit for specific performance of a contract for the conveyance of real property and their affirmative defense is not based on that type of contract. There is no support for the trial court's conclusion that a plea bargain agreement exists only until a statute of limitations applicable to civil cases expires. A statute of limitations is not a restriction on the life of an agreement but rather is a limitation on the length of time a party has to file suit following the occurrence of a legal injury. *See S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996)(stating that a cause of action accrues for limitations purposes when a wrongful act causes some legal injury). Section 16.004(a) provides that a person must bring suit "not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a). In other words, the statute of

limitations begins to run on the date the cause of action accrues. Again assuming for the sake of argument that the statute of limitations even applies in this case, the State's right to insist on specific performance of the plea bargain agreement did not "accrue" until July 9, 2009 when C.F.P. filed the petition for expunction. Appellants, in their answer filed on September 30, 2009, raised C.F.P.'s waiver of his right to an expunction as an affirmative defense to the expunction petition. We hold that the trial court abused its discretion by applying Section 16.004 to the agreement and by concluding that the negotiated plea agreement expired four years after the State dismissed C.F.P.'s criminal case.

*Amendment of Article 55. 01*

Appellants next contend that the trial court abused its discretion by concluding that the 2009 amendment of Article 55.01 effectively superseded C.F.P.'s waiver. In 2009, the Legislature amended Article 55.01 to specifically authorize an expunction when a person's criminal case is dismissed as the result of completing a pre-trial detention program. TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(A)(ii)(West Supp.2011). We have previously rejected arguments that the amendment of Article 55.01 provided a basis for expunction despite the petitioner's waiver of the right to seek an expunction. *See In re R.B.,* 361 S.W.3d 184; *In re Worrell,* 334 S.W.3d at 345. We adhere to that holding in this case and conclude that the trial court abused its discretion by finding that Article 55.01(a)(2)(A)(ii) superseded C.F.P.'s waiver of his right to an expunction. Appellants' sole issue on appeal is sustained. We reverse the trial court's order granting the petition for expunction and render judgment denying the petition.