**In the Matter of the Expunction of J.E.**

No. 08–11–00006–CV.

Court of Appeals of Texas, El Paso.

Feb. 13, 2013.

Omar Villa, Assistant County Attorney, El Paso, TX, for Appellant.

John L. Williams, El Paso, TX, for Appellee.

Before McCLURE, C.J., RIVERA, and ANTCLIFF, JJ.

## OPINION

GUADALUPE RIVERA, Justice.

The El Paso County Sheriff's Office, the El Paso County Attorney's Office, the El Paso County Clerk's Office, the El Paso District Attorney's Office, the El Paso District Clerk's Office, Records Management and Archives, the Director for West Texas Community Supervision and Corrections

Department, the Director of El Paso County Court Administration, the Jail Magistrate, and the El Paso County Detention Facility, Appellants, appeal from an order granting J.E.'s petition for expunction of his records in connection with an arrest for possession of marijuana in a drug-free zone. We affirm.

## BACKGROUND

On or about December 7, 1999, J.E. was arrested for possession of marijuana in a quantity under 2 ounces in a drug-free zone. On November 5, 2010, J.E. filed a petition for the expunction of all records and files relating to the offense. J.E. asserted that expunction was proper under Articles 55.01 and 55.02 of the Texas Code of Criminal Procedure because the indictment or information presented had been subsequently dismissed or quashed due to J.E.'s completion of a pre-trial diversion program (PTD), J.E. has been released, the charge did not result in J.E.'s final conviction and was no longer pending, there was no court-ordered community supervision under Texas Code of Criminal Procedure Article 42.12, and there was no conditional discharge. TEX. CODE CRIM. PROC. ANN. arts. 42.12, 55.01, 55.02 (West Supp.2012).

Appellants answered the petition wherein they raised an affirmative defense of waiver, contending that J.E. signed a waiver of his right to expunge his arrest record for this offense as a condition of his participation in PTD.

After a hearing to consider the petition, the trial court found that J.E. had completed PTD and was entitled to expunction, and ordered Appellants and other agencies to expunge information related to this charge. No record of the hearing was made.

## DISCUSSION

Appellants contend the trial court abused its discretion when it granted J.E.'s petition to expunge his arrest records because J.E. previously waived his right to such expunction by virtue of his participation in PTD.

Noting that no certified copy of the waiver was attached to Appellants' answer, that the waiver was not offered or admitted into evidence, was not the subject of any requested findings of fact and conclusions of law, and was not the subject of a bill of exceptions, and that no attempt was made to supplement the record, J.E. argues that Appellants failed to preserve the alleged error by presenting its objection to the trial court and securing the trial court's ruling thereon. TEX. R. APP. P. 33.1(a), 33.2; TEX. R. CIV. P. 296. We agree.

■ We review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard. *In re C.F.P.*, 388 S.W.3d 326, 328 (Tex.App.-El Paso 2012, no pet.); *In re A.G.*, 388 S.W.3d 759, 761 (Tex.App.-El Paso 2012, no pet.); *In re D.R.R.*, 322 S.W.3d 771, 772–73 (Tex.App.-El Paso 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *In re C.F.P.*, 388 S.W.3d at 328; *compare In re Worrell*, 334 S.W.3d 342, 344 (Tex.App.-El Paso 2011, pet. denied). When conducting this review, the appellate court may not substitute its judgment for that of the trial court with respect to resolution of factual issues committed to the trial court's discretion. *In re C.F.P.*, 388 S.W.3d at 328; *In re Worrell*, 334 S.W.3d at 344. The trial court's legal conclusions are not entitled to deference but are reviewed *de novo. In re C.F.P.*, 388 S.W.3d at 328; *In re Worrell*, 334 S.W.3d at 344.

To preserve a complaint for appellate review, the record must show that the complaint was made by a timely request, objection, or motion that states the grounds for the ruling sought and complies with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure, and that the trial court ruled or refused to rule thereon. *See* TEX. R. APP. P. 33.1(a).

■■■ Appellants had the burden to both plead and prove the affirmative defense of waiver. TEX. R. CIV. P. 94; *see In re A.G.*, 388 S.W.3d at 762 n. 1. Because there is no record of the trial court's hearing on J.E.'s petition, the record on appeal does not reflect whether Appellants offered to the trial court any evidence in support of their affirmative defense of waiver at the hearing or whether the trial court ruled or refused to rule thereon.

In the absence of a record of the hearing and the evidence presented to the trial court, we are unable to determine whether the trial court committed any error or whether any error was preserved. Therefore, we must presume that the evidence supports the trial court's ruling. *See Wil–Roye Inv. Co. II v. Washington Mut. Bank, F.A.*, 142 S.W.3d 393, 401 (Tex.App.-El Paso 2004, no pet.). Appellants' sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

ANTCLIFF, J., not participating.