

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSEPH O. LOPEZ, | § | No. 08-19-00123-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court of Law No. 6 |
| THE CITY OF EL PASO | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2018DCV1047) |

## O P I N I O N

Appellant Joseph O. Lopez filed an interlocutory appeal[1] of the trial court's order granting Appellee's Plea to the Jurisdiction. We find no error and affirm the trial court's judgment.

## BACKGROUND AND PROCEDURAL HISTORY

The following facts are derived from the parties' respective pleadings in this case and are taken as true for purposes of this appeal.

El Paso Police Department Officers Feria and Alegre were dispatched to respond to a criminal mischief call. On their way, they observed Appellant's vehicle parked in a fire lane with the lights on. After finishing their investigation of the earlier call, the officers returned to Appellant's vehicle, which still had its lights on, and noted that it had not moved. The two officers decided to investigate the situation.

---

[1] *See* TEX.CIV.PRAC.&REM. CODE ANN. § 51.014(a)(8) and TEX.R.APP.P. 28.1(a).

Appellant, a deaf man, was asleep in his vehicle. Officers Alegre and Feria approached the vehicle and began knocking on the window of his car to wake him. Officer Alegre was on the passenger side of the vehicle while Officer Feria was on the driver's side of the car. Unbeknownst to the officers, Appellant could not hear them knocking. Officer Alegre then broke the passenger side window with his nightstick[2] to wake Appellant, and unlock the vehicle.

Officer Feria then opened the driver's side door and removed Appellant from the car, who fell on the ground. According to Appellant's petition, the officers threw Appellant onto the pavement. Officer Féria struck at Appellant's head, while Officer Alegre inflicted several knee kicks to the side of Appellant's torso. Appellant alleges during the entire ordeal, his hands were behind him, his face was on the ground and his legs were flat.

Afterwards, Appellant filed an Original Petition and a First Amended Petition, which Appellee Answered with a Plea to the Jurisdiction, General Denial, Special Exceptions, Affirmative Defenses, and Original Answer. Appellant did not serve Appellee with the citation and amended petitioned for over five months, after having filed it in the trial court. Appellee's Plea to the Jurisdiction ("Plea") disputed the trial court's subject-matter jurisdiction, and that court later granted the Plea. Appellant then sought *de novo* review of the trial court's order through interlocutory appeal.

### Waiver of Sovereign Immunity

Plaintiff's sole issue on appeal is whether the trial court abused its discretion by deciding that Appellant's First Amended Petition had alleged insufficient facts to find a waiver of sovereign immunity under the Texas Torts Claim Act?

---

[2] We use the terms "nightstick" and "baton" interchangeably.

**Discussion**

**Standard of Review**

A trial court abuses its discretion if it acts arbitrarily or unreasonably and without reference to guiding rules and principles of law. *In re R.B.*, 361 S.W.3d 184, 186 (Tex.App.—El Paso 2012, pet. denied), *citing*, *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the court's discretion. *In re Worrell,* 334 S.W.3d 342, 344 (Tex.App.—El Paso 2011, pet. denied). The trial court's legal conclusions are subject to *de novo* review. *Id.*, at 344.

Immunity from suit strips the courts of subject-matter jurisdiction to hear the underlying claim. *City of Waco v. Lopez,* 259 S.W.3d 147, 150 (Tex. 2008). The State of Texas, and its political subdivisions, have absolute sovereign immunity against any suit to which it does not consent by statute or voluntary waiver. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). This includes "any city." TEX.CIV.PRAC.&REM.CODE ANN. § 101.001(3)(B). Government employees who commit tortious acts within the scope of their employment may remain personally liable for those acts unless shielded by official immunity. *Franka v. Velasquez,* 332 S.W.3d 367, 382–83 (Tex. 2011). Employees who act outside the scope of their authority lose the benefits of official immunity and remain solely and personally liable in their individual capacities. *Id.* at 383. The Texas Legislature supplemented this framework in 2003 by adding in Section 101.106(a), which bars a plaintiff from suing a city employee once the plaintiff has elected to sue the employer unit first. TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(a).

Subject matter jurisdiction is a question of law. *Texas Dept. of Parks and Wildlife v.*

3

*Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), *citing Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002). Whether a pleader has alleged facts demonstrating a trial court's subject matter jurisdiction is reviewed *de novo. Miranda,* 133 S.W.3d at 226. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id*. Considering the issue, courts must determine if the pleader has alleged facts, which affirmatively show the court's jurisdiction to hear the cause. *Id*., *citing Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). We construe pleadings liberally in favor of plaintiffs, and look to the pleader's intent. *Miranda,* 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to demonstrate the trial court's jurisdiction, the issue is one of pleading sufficiency. *Id*. The plaintiffs then should be given the opportunity to amend. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted, without allowing the plaintiffs an opportunity to amend. *Id.*

In his First Amended Petition, Appellant alleged the City's negligence, taking care not to characterize the conduct as an intentional tort. This is because the TTCA is inapplicable to intentional acts. The TTCA, however, "[D]oes not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . ." TEX.CIV.PRAC.&REM.CODE ANN. § 101.057. *See also City of Watagua v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014). Courts look to the substance of pleadings, not to their characterization or form, determining waivers of sovereign immunity. *See University of Texas Medical Branch at Galveston v. Kai Hui Qi,* 402 S.W.3d 374, 389-90 (Tex.App.—Houston [14th Dist.] 2013, no pet.)(the real substance of patient's lawsuit was a failure to act by the hospital's employees, <u>not</u> a failure to timely diagnose

4

preeclampsia where a failure to act did not invoke the TTCA's limited waiver of immunity).

## Analysis

> Officer E. Feria #2899 immediately opened the vehicle door and *forcefully pulled at and yanked Mr. Lopez from the vehicle* . . . . [H]e was pulled until he fell out on to the ground, his hands landing first. . . . Mr. Lopez was then *flung forward* by his aggressors, the two officers, and was *plummeted to the ground, face first, unto the concrete pavement*. Both Officers pinned Mr. Lopez face down on to the ground, *manipulating his limbs and putting pressure on his torso, neck and head*. . . . Officer E. Féria *struck at Mr. Lopez's head multiple times*, nonstop *with his baton* while Officer A. Alegre *inflicted several knee kicks to the side of Mr. Lopez's torso*. [Emphasis added].

Paragraph 10, Appellant's Original Petition.

> After handcuffing Mr. Lopez, he was pushed up against the police vehicle and then, finally, *after assaulting and beating* Mr. Lopez in the head and body . . . his hearing piece lay somewhere on the pavement where *Mr. Lopez had been thrown and beaten*. [Emphasis added].

Paragraph 11, Appellant's First Amended Petition.

The officers arrested Appellant, and he alleged that they negligently employed a baton while using excessive force. Courts, however, view these torts as intentional, not negligent, and thus ineligible for waivers of sovereign immunity. *See Tex. Dep 't of Pub. Safety v. Petta,* 44 S.W.3d 575 (Tex. 2001). *Petta* is particularly apt because the misconduct complained of there is very similar to that of Appellant's case (baton/nightstick). *Petta* was a woman, who was convicted of fleeing or attempting to elude a police officer after a jury trial. *Petta,* 44 S.W.3d at 577-78. She later sued the Texas Department of Public Safety("TDPS") and the state trooper individually on a variety of grounds, including assault, aggravated assault, battery, reckless conduct. *Id*. Her civil case arose from the trooper having stopped her for speeding, and her refusal to obey his commands to exit her car. *Id*. Among other things, *Petta* claimed that *the trooper had beat her car windows with his nightstick, threatening to break the glass,* and aimed his handgun at her, threatening to

kill her. *Id. Petta* specifically held that these claims were not exceptions to sovereign immunity:

> Here, the conduct Petta complains of is the same conduct that forms the basis of her assault *and battery claim against Rivera. The specific conduct-hitting the window, calling a tow* truck, aiming the gun, blocking Petta in with the cruiser, and firing at Petta's tires-is *clearly intentional*. The allegations fit squarely within section 101.057's exclusion of claims arising out of assault, battery, and false imprisonment. [Emphasis added].

*Petta,* 44 S.W.3d at 580.

Similarly, other courts have also found no waiver of sovereign immunity for intentional torts. *See Harris County v. Cabazos*, 177 S.W.3d 105, 107-08 (Tex. 2005)(officer wrongfully shot plaintiff while pursuing him for traffic violation, but claims held to be an intentional tort despite being framed as negligence); *City of Waco v. Williams*, 209 S.W.3d 216, 220 (Tex.App.—Waco 2006, pet. denied)(stun gun case where four officers, without provocation, repeatedly shot the decedent on the ground with Tasers, shocking him repeatedly with 50,000 volts of electricity); *Sinegal v. City of El Paso*, 414 F.Supp.3d 995 (W.D. Texas, El Paso Div. 2019)(officers "tased" plaintiff, attacking and tackling him to the ground).

Based on the statute and case law, we conclude that breaking Appellant's car window with a nightstick (threatened in *Petta*), forcefully pulling and yanking him from his vehicle, and flinging Appellant forward to the ground, face first, unto the concrete pavement are the intentional torts of assault and battery. Likewise, pinning Appellant face down on to the ground, manipulating his limbs and putting pressure on his torso, neck and head, striking at Appellant's head multiple times, nonstop with a baton, and inflicting several knee kicks to the side of Appellant's torso. Appellant indirectly acknowledges as much in his first Amended Petition, summarizing the officers' actions as "assaulting and beating" Appellant about his head and body.

In his First Amended Petition, however, Appellant has tried to parse the statute and case

6

law by creatively disguising his claims as negligent use or misuse of personal property under TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2):[3]

> 13. The Defendant, CITY OF EL PASO, is a governmental unit covered by the TTCA.
>
> 14. The Defendant's employees while acting within the scope of employment was [sic] negligent.
>
> 15. *When the employees was [sic] negligent, they used or misused tangible personal property*. [Emphasis added].

Appellant's First Amended Petition, paragraphs 13-15.

As noted earlier, however, we look to the substance of pleadings, not to their characterization or form in determining waivers of sovereign immunity, and the real substance of Appellant's claims are the intentional torts of assault and battery, not negligence. *Kai Hui Qi,* 402 S.W.3d at 389-90. *See also City of Watagua v. Gordon*, 434 S.W.3d at 590 ("But a police officer's mistaken or accidental use of more force than reasonably necessary to make an arrest still 'arises out of' the battery claim. . . . As the saying goes, there is no such thing as a negligent battery, since battery is defined to require an intentional touching without consent not a negligent one.")[Citations omitted].

## CONCLUSION

---

[3] A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

.            .            .

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.021.

7

For these reasons, we affirm the trial court's judgment.


December 9, 2020

YVONNE T. RODRIGUEZ, Justice

Before Alley, C.J., Rodriguez, and Palafox, JJ.

8