**In the Matter of the Expunction of A.G.**

**No. 08–11–00067–CV.**

Court of Appeals of Texas, El Paso.

July 25, 2012.

Manuel Romero, Assistant County Attorney, El Paso, TX, for Appellant.

Joseph J. Rey, El Paso, TX, for Appellee.

Before McCLURE, C.J., RIVERA, and ANTCLIFF, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice.

The County of El Paso and several county departments, including the El Paso County Sheriff's Department, El Paso County Clerk's Office, El Paso District Attorney's Office, El Paso District Clerk's Office, Consolidated Data Processing (CDP), Records Management and Archives, Director of West Texas Community Supervision and Corrections Department, Director of El Paso County Court Administration, and the Jail Magistrate (referred to collectively as the County), are appealing an order granting A.G.'s petition to expunge records. We reverse the order of expunction and render judgment denying the petition for expunction.

## FACTUAL SUMMARY

According to his petition for expunction, A.G. was arrested on September 17, 2008 for assault causing bodily injury, a class A misdemeanor. *See* TEX.PENAL CODE ANN. § 22.01(a)(1)(West 2011). A.G. filed a petition to expunge his arrest records on the ground that the charge was later dismissed. The County filed an answer opposing the expunction on the ground that A.G. had waived his right to an expunction when he participated in the pre-trial diversion program operated by the West Texas Community Supervision and Corrections Department. *See* TEX.R.CIV.P. 94 (waiver is an affirmative defense). At the hearing, the trial court called the case and asked A.G. whether he had evidence he wished to present. Counsel for A.G. responded: "Your Honor, we'd just ask that you grant this expunction." A.G. did not present any evidence in support of his petition for expunction. Similarly, the County did not offer any evidence in support of its affirmative defense of waiver. When asked the basis for the County's opposition to the expunction petition, counsel for the County made reference to PTD agreement signed by A.G. which purportedly contained a waiver of the right to an expunction, but

the County did not introduce the PTD agreement into evidence. The parties proceeded to present argument about the validity of the waiver and the trial court granted the petition for expunction.

## EXPUNCTION

In its sole issue on appeal, the County argues that the trial court abused its discretion by ordering A.G.'s arrest record expunged. The County focuses its argument on its affirmative defense of waiver and asserts that A.G. failed to present any evidence that his waiver was involuntary or invalid. After reviewing the record, we find that A.G. did not present any evidence in support of his petition for expunction.

■■■ We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *In the Matter of the Expunction of C.F.P.,* 388 S.W.3d 326, 328 (Tex.App.-El Paso 2012, no pet. h.); *In the Matter of the Expunction of D.R.R.,* 322 S.W.3d 771, 772–73 (Tex.App.-El Paso 2010, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *In re C.F.P.,* 388 S.W.3d 326, 328; *In the Matter of the Expunction of Worrell,* 334 S.W.3d 342, 344 (Tex.App.-El Paso 2011, pet. denied). When conducting this review, the appellate court may not substitute its judgment for that of the trial court with respect to resolution of factual issues committed to the trial court's discretion. *Id.* The trial court's legal conclusions are not entitled to deference but are reviewed *de novo. Id.*

■■■ The right to an expunction is a statutory right. *In re J.O.,* 353 S.W.3d 291, 293 (Tex.App.-El Paso 2011, no pet.); *In re E.R.W.,* 281 S.W.3d 572, 573 (Tex. App.-El Paso 2008, pet. denied). When a party holding criminal records opposes a petition for expunction, the petitioner must meet his burden of proof by submitting evidence on each element of his claim. *Ex parte Jackson,* 132 S.W.3d 713, 716 (Tex. App.-Dallas 2004, no pet.). All provisions in a statutory cause of action are mandatory and exclusive and all conditions must be met before a person is entitled to expunction. *In re E.R.W.,* 281 S.W.3d at 573. A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. *Id.* The trial court has no discretion to deny the petition provided that the statutory requirements are met. *In re J.O.,* 353 S.W.3d at 293; *In re S.D.,* 349 S.W.3d 76, 78 (Tex.App.-El Paso 2010, no pet.). By the same token, trial courts have no equitable power to grant expunction should the petitioner fail to establish his right to an expunction by demonstrating strict compliance with the conditions imposed by Article 55.01. *In re J.O.,* 353 S.W.3d at 293; *see In re Expunction of Jones,* 311 S.W.3d 502, 504–05 (Tex. App.-El Paso 2009, no pet.).

A.G.'s petition expressly sought an expunction under Article 55.01(a)(1)(B) and alleged that A.G. was tried and convicted of the offense, but he also asserted that his case was dismissed. Article 55.01(a)(1)(B) applies only where a person is tried for the offense and convicted, but is subsequently pardoned. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(1)(B)(West Supp.2011). Based on A.G.'s allegation that the charge was dismissed and the parties' arguments in the trial court regarding A.G.'s waiver of his right to expunction as part of his participation in the pre-trial diversion program, we believe A.G. intended to seek an expunction under Article 55.01(a)(2).

■■■ Article 55.01(a)(2) provides that a person who has been arrested for commission of either a felony or misdemeanor can

**762**

obtain an expunction of his records and files related to the arrest if he proves that

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

. . .

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information it was void.

TEX.CODE CRIM.PROC.ANN. ART. 55.01(A)(2).

A.G. did not offer any evidence at the hearing and the record does not reflect that the case was submitted to the trial court based on stipulated or agreed facts.[1] A.G. therefore failed to establish his entitlement to an expunction. Under these circumstances, we conclude that the trial court abused its discretion by expunging A.G.'s records related to the assault charge. *See In re Worrell,* 334 S.W.3d at 346 (holding that the trial court abused its discretion by granting petition for expunction when petitioner failed to offer any evidence in support of the petition). Issue One is sustained. We reverse the order of expunction and render judgment denying the petition for expunction.

---

1. The failure to introduce evidence was not limited to A.G. in that the County failed to offer any evidence at the hearing, including a copy of the PTD agreement purportedly signed by A.G. in 2009 when he was placed on PTD. Waiver is an affirmative defense and the County had the burden to both plead and prove waiver. *See* TEX.R.CIV.P. 94; *Five Star International Holdings Inc. v. Thomson, Inc.,* 324 S.W.3d 160, 165 (Tex.App.-El Paso 2010, pet. denied).