**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00925-CV
NO. 14-13-00926-CV

## IN RE RONALD DARNELL CEPHUS, JR., Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
232nd District Court
Harris County, Texas
Trial Court Cause Nos. 998670 & 1009435

## MEMORANDUM OPINION

On October 18, 2013, relator Ronald Darnell Cephus, Jr. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Mary Lou Keel, presiding judge of the 232nd District Court of Harris County, to set his petition for expunction for a hearing.

Relator filed his motion for a bench warrant, motion for leave to file a petition for writ of mandamus, and petition for expunction on October 1, 2013. Subsequently, the trial court denied relator's motions and petition without holding a hearing or stating the reasons for the denial. Relator complains the trial court did not comply with the expunction procedures outlined in Chapter 55 of the Texas Code of Criminal Procedure because it did not set a hearing on his petition for expunction.

Article 55.01 provides a right for expunction of criminal records under certain circumstances. *See* Tex. Code Crim. Proc. Ann. art. 55.01 (West Supp. 2013). Article 55.02 provides the procedures for expunction. *See* Tex. Code Crim. Proc. Ann. art. 55.02 (West Supp. 2013). An expunction proceeding is civil rather than criminal in nature. *In re A.G.*, 388 S.W.3d 759, 761 (Tex. App.—El Paso 2012, no pet.). Consequently, the burden of proving compliance with the statute is on the petitioner rather than the State. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.2d 376, 378 (Tex. App.—Fort Worth 2002, no pet.). If the petitioner demonstrates that he has satisfied each of the requirements under the statute, the trial court must grant the expunction petition. *T.C.R. v. Bell Cnty. Dist Attorney's Office*, 305 S.W.3d 661, 664 (Tex. App.—Austin 2009, no pet.).

Article 55.02, section 2(c) provides, in part, the trial court "shall set a hearing" on the matter no sooner than thirty days from the filing of the petition." Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c). However, article 55.02, section 3(a) provides that the petitioner "may appeal the court's decision in the same manner as in other civil cases." *See id.* art. 55.02, § 3(a). Therefore, relator has an adequate remedy by appeal, and has not shown he is entitled to mandamus relief. *See State*

2

*ex rel. Young v Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding) (relator must show, in order to be entitled to mandamus relief, he does not have an adequate remedy by appeal and what he seeks to compel is a ministerial act).

Accordingly, we deny relator's petition for mandamus relief.

PER CURIAM

Panel Consists of Justices McCally, Busby, and Wise.