**IN the MATTER OF the**
**EXPUNCTION OF**
**A.M.**

No. 08–13–00097–CV

Court of Appeals of Texas,
El Paso.

March 4, 2015

---

James D. Lucas, El Paso, TX, for Appellee.

Cristina Viesca–Santos, Assistant County Attorney, El Paso, TX, for County.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

Appellants, El Paso County Sheriff's Department, El Paso County Attorney's Office, El Paso County Clerk's Office, El Paso District Attorney's Office, El Paso District Clerk's Office, Records Management and Archives, West Texas Community Supervision and Corrections Department (Probation), El Paso County Court Administration, and Jail Magistrate appeal from an order granting A.M.'s petition for expunction. Finding the evidence legally sufficient to support the expunction order, we affirm.

## FACTUAL SUMMARY

In October 2008, an El Paso County grand jury returned a two-count indictment against A.M. alleging he had sexually assaulted B.M., his fourteen-year-old daughter. Count I alleged that A.M. penetrated the child's sexual organ with his finger. Count II alleged in two paragraphs that A.M. caused the child's sexual organ to contact his sexual organ (Paragraph A), and A.M. caused the child's anus to contact his sexual organ (Paragraph B). On July 8, 2011, the presiding judge of the 409th District Court of El Paso County granted the State's motion to dismiss the case on the ground that the evidence was insufficient to prove the charges beyond a reasonable doubt.

In October 2012, A.M. filed a petition to expunge the records related to the criminal case alleging that he was charged by indictment "without probable cause or reasonable suspicion to do so the presentment thereon having been made on mistake, false information and other similar reason indicating the absence of probable cause at the time of the dismissal, to-wit: Petitioner was exonerated by D.N.A. evidence when it was proven that he was excluded as the contributor to the sperm sample D.N.A. sample by the State's own laboratory." Following an evidentiary hearing, the trial court granted the petition and

ordered the records related to the case expunged.

## SUFFICIENCY OF THE EVIDENCE

In their sole issue, Appellants challenge the legal sufficiency of the evidence supporting the trial court's determination that the indictment was dismissed because presentment of the indictment had been made due to mistake, false information, or a lack of probable cause.

*Applicable Law and Standard of Review*

The right to an expunction is a statutory privilege. *In the Matter of the Expunction of A.G.*, 388 S.W.3d 759, 761 (Tex.App.–El Paso 2012, no pet.). When a party holding criminal records opposes a petition for expunction, the petitioner must meet his burden of proof by submitting evidence on each element of his claim. *Id.* All provisions in a statutory cause of action are mandatory and exclusive and all conditions must be met before a person is entitled to expunction. *In re A.G.*, 388 S.W.3d at 761. A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. *Id.* As a general rule, the trial court has no discretion to deny the petition if the petitioner meets his burden under the statute. *See id.*

A.M. specifically sought expunction under Article 55.01(a)(2)(A)(ii). *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(West Supp.2014). To be entitled to expunction under the pleadings and facts of this case, A.M. had to establish that (1) he had been released and the charge, if any, had not resulted in a final conviction and was no longer pending, (2) there was no court-ordered community su-

pervision under Article 42.12 for the offense, (3) an indictment or information charging him with the commission of any felony offense arising out the same transaction for which he was arrested, if presented[1], was dismissed or quashed, and (4) the trial court found that the indictment or information was dismissed or quashed because of mistake, false information, or some other reason indicating absence of probable cause at the time of the dismissal to believe he committed the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii). Appellants limit their sufficiency challenge to the trial court's implied finding related to the fourth element.

We review Appellants' challenge to the sufficiency of the evidence supporting this implied finding under the traditional legal sufficiency standard rather than the abuse of discretion standard. *See In re S.D.*, 349 S.W.3d 76, 79–80 (Tex. App.–El Paso 2010, no pet.). We may sustain a legal sufficiency challenge only if the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005). In determining whether a finding is supported by legally sufficient evidence, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reason-

---

1. An indictment is presented when nine members of the grand jury concur in a "true bill" and deliver the indictment to the judge or

clerk. *See* TEX. CODE CRIM. PROC. ANN. arts. 20.19, 20.20, 20.21, and 20.22 (West 2005 and Supp.2014).

able fact finder could not. *Id.* at 807. Further, we indulge every reasonable inference that would support the finding. *Id.* at 822.

## Analysis

The issue before us is whether A.M. presented legally sufficient evidence to prove that the indictment was dismissed because presentment of the indictment had been made because of mistake, false information, or some other reason indicating absence of probable cause at the time of the dismissal to believe A.M. committed the offense. To prove this statutory element, A.M. relied on his own testimony that his daughter falsely accused him and on scientific evidence showing that he had been excluded through DNA testing as the source of the epithelial and sperm DNA fractions found on his daughter's body and clothing.

According to a police report, B.M. reported that her father had entered her room at night while she was asleep. A.M. penetrated B.M.'s vagina with his finger and then attempted to penetrate both her anus and vagina with his penis. After A.M. rubbed his penis against her, B.M. felt a wet fluid on her buttocks. A.M. left her bedroom and B.M. called an ex-boyfriend and told him what had happened. The next morning, A.M. began talking to her about leaving El Paso. B.M. went to school and made an outcry to a school counselor who called the police. B.M. told the police officer that she had put her underwear in the hamper and she had not showered before going to school. She also stated that she believed A.M. had ejaculated on the sheets. The officer transported B.M. to a hospital where a sexual assault examination was performed. A.M. testified that he and his family had frequently moved due to the nature of his work. The family moved back to El Paso several months before B.M. made this allegation against him because the children wanted to be closer to their grandmother. A.M. had trouble finding a job which paid as much as the job he had left before returning to El Paso, but he finally found a lucrative job in South Africa. In early May 2008, A.M. told the family that he was seriously considering accepting the South African job and B.M. protested because she did want to move away from her grandmother again. A.M. told her that she would have to move if he accepted the job. The following day, A.M. returned home from work and found crime scene tape around the house. The police told A.M. he could not enter his house or speak to the children. A.M. believed that B.M. had falsely accused him of sexually assaulting her because she did not want to move to South Africa. After the case was indicted, the State obtained a search warrant for A.M.'s DNA and it had certain items of evidence tested, including B.M.'s underwear and biological evidence gathered during the sexual assault examination. The DNA analysis excluded A.M. as a contributor of epithelial and sperm cell fractions on this evidence.

The prosecutor assigned to the case, Erin McClure Delaney, testified at the expunction hearing that the State had probable cause to believe A.M. had committed the offense. In addition to the evidence detailed in the police reports, Delaney recalled there was evidence that A.M. entered the house shortly after B.M. made the outcry against him and was discovered washing B.M.'s underwear, B.M.'s sheets and comforter, and his underwear. Despite being advised by the police that he could not enter the home, A.M. accessed the locked house through an upstairs window. Delaney became aware of evidence that B.M. was sexually active at the time she made the accusations against her father. Delaney interviewed B.M. while pre-

trialing the case and B.M. provided her with the name of the male who might have been the source of the sperm DNA found during the sexual assault examination. With regard to the State's decision to dismiss, Delaney explained that she believed B.M.'s accusations against A.M., but the prosecutors moved to dismiss the case primarily to protect B.M. from having to testify about her sexual activity. Additionally, the prosecutors knew that a jury would be unlikely to find A.M. guilty given the DNA evidence and the family decided they did not want to put B.M. through the trauma of a trial under these circumstances.

To be entitled to an expunction under Article 55.01(a)(2)(A)(ii), the petitioner is required to prove that the indictment was dismissed because a mistake, false information, or other similar reason caused the presentment of the indictment. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii). A finding that the presentment of the indictment was made because of false information or mistake requires proof that the grand jury based its decision on erroneous facts. *Kendall v. State*, 997 S.W.2d 630, 632 (Tex.App.–Dallas 1998, pet. denied). The dismissal of an indictment due to insufficient evidence to obtain a conviction cannot be the basis of an expunction because it is not evidence that presentment of the indictment was made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe that the defendant committed the offense. *See In re C.V.*, 214 S.W.3d 43, 45 (Tex.App.–El Paso 2006, no pet.); *Barker v. State*, 84 S.W.3d 409, 413 (Tex.App.–Fort Worth 2002, no pet.). When examining the reason for the dismissal, the expunction court may look beyond the reasons given by the prosecutor. *See Harris County District Attorney's Of-*

*fice v. Hopson*, 880 S.W.2d 1, 4 (Tex.App.–Houston [14th Dist.] 1994, no pet.).

The trial court heard evidence that B.M. told the police that her father had sexually assaulted her the night before she made the outcry and he had ejaculated on her, but the DNA analysis performed on the evidence collected during the sexual assault examination excluded A.M. as the source of the epithelial and sperm DNA fractions. The grand jurors did not have the benefit of the DNA evidence when they made the decision to indict. Consequently, the trial court could have determined that the grand jury based its decision on erroneous facts. Further, the trial court could have reasonably concluded that B.M. falsely accused her father of sexual assault because she did not want to move to South Africa. While the prosecutor testified that she dismissed the case primarily because she and the family did not want to put B.M. through the trauma of a trial, the trial court could have found from the evidence that the State dismissed the case because the DNA evidence excluded A.M. as the source of the sperm DNA found on B.M.'s body during the sexual assault examination. Because there is more than a scintilla of evidence that the State dismissed the case because presentment of the indictment was made due to false information indicating absence of probable cause to believe that A.M. committed the offense, we find that the evidence is legally sufficient to support the challenged expunction element. *See In re E.R.W.*, 281 S.W.3d 572, 575 (Tex.App.–El Paso 2008, pet. denied)(holding evidence sufficient to prove presentment of indictment in arson case was made due to mistake or false information indicating a lack of probable cause where indictment dismissed because arson experts concluded there was no evidence of arson and the factors initially relied on to show arson had been proven to

be incorrect by advances in the field of fire analysis). We overrule the sole issue presented on appeal and affirm the judgment of the trial court.