**In the MATTER OF the Expunction of J.S.**

No. 08–13–00275–CV

Court of Appeals of Texas, El Paso.

March 4, 2015

Jo Anne Bernal, County Attorney, El Paso, TX, for County.

Matthew DeKoatz, Attorney at Law, El Paso, TX, for Appellant.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## *OPINION*

ANN CRAWFORD McCLURE, Chief Justice

J.S. appeals from an order denying his petition for expunction. Finding the evidence legally sufficient to support the trial court's implied finding that J.S. waived the right to seek an expunction, we affirm.

## FACTUAL SUMMARY

In 2011, J.S. was arrested for and charged with the offense of assault causing bodily injury. The State of Texas and J.S. entered into an agreement whereby the State would dismiss the charge if J.S. successfully completed the Pre–Trial Diversion Program (PTD). In exchange for its promise to dismiss, the State required J.S. to waive his rights to a speedy trial and to seek an expunction and both J.S. and the State signed the PTD Agreement. J.S. successfully completed PTD and the State dismissed the case in accordance with the Agreement.

J.S. filed a petition for expunction pursuant to Article 55.01(a)(2)(B) of the Texas Code of Criminal Procedure alleging that the statute of limitations for the assault offense had expired, he had been released, the charge had not resulted in a final conviction and was no longer pending, and there was no court-ordered community supervision. *See* TEX.CODE CRIM.PROC.ANN. art. 55.01(a)(2)(B)(West Supp. 2014). The State, represented by the El Paso County Attorney, filed a general denial and raised as an affirmative defense J.S.'s written waiver of the right to seek an expunction.[1]

At the hearing on the expunction petition, J.S. introduced copies of the misdemeanor information charging him with assault in cause number 20110C02776 (Petitioner's Exhibit 1) and the motion to dismiss filed by the State in the same case (Petitioner's Exhibit 2). Appellees introduced a copy of the PTD Agreement filed in cause number 20110C02776 (State's Exhibit 1). The PTD Agreement, which is titled, "WAIVER OF SPEEDY TRIAL AND WAIVER OF RIGHT OF EXPUNCTION AND VOLUNTARY AGREEMENT TO PARTICIPATE IN THE PRE–TRIAL DIVERSION PROGRAM," states the following in the first section of the document:

I understand that I have an absolute right to a speedy trial as provided by the Texas Code of Criminal Procedure (T.C.C.P.) Article 1.0[sic]; Article I, Section 10 of the Texas Constitution; and the 6th Amendment of the United States Constitution.

I further understand that I have the right in accordance with Article 55.01, T.C.C.P., to have any criminal record expunged if I successfully complete the Pre–Trial Diversion (PTD) Program in accordance with Article 55.01, T.C.C.P.

**I hereby agree to voluntarily waive my rights to a speedy trial and expunction as set out by Articles 1.05 and 55.01 T.C.C.P., in accordance with Article 1.14 T.C.C.P., as a condition of my participation in the PTD Program.** [Emphasis added].

Immediately beneath these statements is a line for the defendant's signature. On that line is what appears to be a signature in cursive handwriting. The Agreement then sets forth several conditions of the PTD Program. It is undisputed that J.S. signed the bottom of the Agreement indicating that the waiver and agreement had been read or explained to him and he agreed to the conditions of the PTD Program.

J.S.'s attorney argued that J.S. did not waive his right to an expunction because he did not sign the portion of the Agreement waiving his right to seek an expunction. He maintained instead that J.S. had written the words "not waived." Counsel asked the trial court to take judicial notice that J.S. had signed the words "not waived." The State responded to this request by arguing that the writing on the signature line does not clearly state "not waived." The trial judge did not take judicial notice as requested, stating that the "exhibit speaks for itself and he would "take this into consideration." At the conclusion of the hearing, the trial court denied the petition for expunction.

1. The El Paso County Attorney filed the answer on behalf of the El Paso County Sheriff's Office, El Paso County Attorney's Office, El Paso County Clerk's Office, District Attorney's Office, District Clerk's Office, Records Management and Archives, West Texas Community Supervision and Corrections Department (Probation), El Paso County Court Administration and the Jail Magistrate. On appeal, the El Paso County Attorney has filed a reply brief on behalf of "The State of Texas." The opinion will likewise refer to the Appellees generally as "the State of Texas" or simply "the State."

## WAIVER OF RIGHT TO SEEK EXPUNCTION

In his sole issue, J.S. argues that the trial court abused its discretion by denying the petition for expunction because he presented evidence establishing he had a right to an expunction under Article 55.01(a)(2)(B) and Appellees failed to prove he had waived that right. Alternatively, J.S. contends that the District Attorney's policy of requiring him to waive his right to an expunction in exchange for participation in the PTD Program is against public policy.

### Standard of Review

J.S. phrases his issue in terms of the abuse of discretion standard which is often applied to an appeal from an expunction order. In this case, however, the arguments clearly implicate the legal sufficiency of the evidence supporting the trial court's implied findings that J.S. failed to establish the statutory requirements under Article 55.01(a) or the State establish its affirmative defense of waiver. These implied findings must be analyzed under the traditional legal sufficiency standard rather than the abuse of discretion standard. *See In re S.D.*, 349 S.W.3d 76, 79–80 (Tex. App.–El Paso 2010, no pet.).

We may sustain a legal sufficiency challenge only if the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005). In determining whether a finding is supported by legally sufficient evidence, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 807. Further, we indulge every reasonable inference that would support the finding. *Id.* at 822.

### Applicable Law

The right to an expunction is a statutory privilege. *In the Matter of the Expunction of A.G.*, 388 S.W.3d 759, 761 (Tex.App.–El Paso 2012, no pet.). When a party holding criminal records opposes a petition for expunction, the petitioner must meet his burden of proof by submitting evidence on each element of his claim. *Id.* All provisions in a statutory cause of action are mandatory and exclusive and all conditions must be met before a person is entitled to expunction. *Id.* A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving compliance with the statute. *Id.* As a general rule, the trial court has no discretion to deny the petition if the petitioner meets his burden under the statute. *See In re A.G.*, 388 S.W.3d at 761. In this case, however, the State raised the affirmative defense of waiver. *See* Tex.R.Civ.P. 94. Consequently, the State had the burden to both plead and prove that J.S. had waived his right to seek an expunction. *In the Matter of the Expunction of J.E.*, 396 S.W.3d 231, 232 (Tex.App.–El Paso 2013, no pet.); *In the Matter of the Expunction of A.G.*, 388 S.W.3d at 762 n. 1. If the State sustained its burden of both pleading and proving that J.S. waived his right to seek an expunction of the records related to the assault case, the trial court properly denied the petition for expunction and it is unnecessary for us to address whether J.S. presented legally sufficient evidence to es-

tablish the statutory requirements for an expunction under Article 55.01(a)(2).

### *Waiver of the Right to Seek Expunction*

 It is well established that a criminal defendant can waive any rights secured him by law. TEX.CODE CRIM.PROC. ANN. art. 1.14(a)(West 2005). This includes the statutory right to an expunction. *See In the Matter of the Expunction of Jones,* 311 S.W.3d 502, 505–06 (Tex. App.–El Paso 2009, no pet.); *In the Matter of the Expunction of Arnold,* 34 S.W.3d 583, 586–87 (Tex.App.–El Paso 2000, no pet.).

It is undisputed that the State raised the affirmative defense of waiver in its answer. The only question is whether the evidence is legally sufficient to prove the defense. J.S. introduced into evidence the misdemeanor information showing he was charged with assault in cause number 20110C02776 (Petitioner's Exhibit 1) and the motion to dismiss filed by the State (Petitioner's Exhibit 2). The motion specifically recites that the State was moving to dismiss the case because J.S. had successfully completed the PTD Program. The judge of the County Criminal Court at Law No. 4 signed the order dismissing the case on May 29, 2013. The State introduced without objection the PTD Agreement. The Agreement bears what appears to be J.S.'s signature immediately beneath the sentence waiving the rights to a speedy trial and expunction. The signature is similar, albeit not identical, to the signature at the bottom of the Agreement. J.S.'s attorney argued at the hearing that J.S. did not sign the document indicating he waived his rights and he instead wrote the words "not waived." We have examined the writing and cannot say with any degree of certainty that it states "not waived." The writing appears similar to J.S.'s signature at the bottom of the page.

The trial court, as the trier of fact, determined this issue of fact and resolved it against J.S. Having viewed the evidence in the light most favorable to the judgment, we conclude that the evidence is legally sufficient to support the trial court's implied finding that J.S. signed the PTD Agreement, including the waiver portion of the Agreement, and thereby waived his right to seek an expunction of the criminal records related to the assault case.

### *Public Policy*

 Citing *Montgomery v. Browder,* 930 S.W.2d 772 (Tex.App.–Amarillo 1996, writ denied), J.S. argues for the first time on appeal that the District Attorney's policy of requiring a defendant to waive his right to expunction in exchange for participation in the PTD Program is against public policy. We understand J.S. to argue that the waiver portion of the PTD Agreement is void and unenforceable against him. J.S. did not present this argument in the trial court as a basis for avoiding enforcement of the waiver provision. Consequently, it is waived. *See* TEX. R.APP.P. 33.1. Having found the evidence legally sufficient to establish that J.S. waived his right to seek an expunction, we overrule the sole issue presented on appeal and affirm the judgment of the trial court.