In the MATTER OF the
EXPUNCTION OF
E.L.

No. 08-15-00092-CV

Court of Appeals of Texas,
El Paso.

September 16, 2016

Ruben P. Morales, for L., E.

Jo Anne Bernal, for The State of Texas.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

STEVEN L. HUGHES, Justice

Appellant, E.L., appeals from an order denying his petition for expunction. We affirm.

### FACTUAL SUMMARY

After being arrested for and charged with misdemeanor theft, E.L. retained counsel to represent him. E.L. and the State agreed that the theft case would be dismissed if E.L. successfully completed the Pre-Trial Diversion Program (PTD). E.L. signed the PTD Agreement at the probation office when his attorney was not present. E.L. knew that the PTD agreement included a provision whereby he waived his right to seek an expunction, and he did not want to sign the agreement and give up his right to obtain an expunction. He explained that he signed the PTD Agreement after his supervisor at the

Community Supervision office told him that a new bill was pending before the Texas Legislature that would "override" his waiver of the right to an expunction. E.L. completed PTD, and the State dismissed the criminal case. On July 16, 2014, E.L. filed a petition to expunge the records related to the criminal case. In their answer, Appellees raised the affirmative defense of waiver based upon E.L.'s waiver of his right to seek an expunction. The trial court denied E.L.'s petition for an expunction.

### WAIVER OF THE RIGHT TO AN EXPUNCTION

In his sole issue, E.L. contends that the trial court erred by denying his petition for expunction because Appellees failed to establish the affirmative defense of waiver. E.L. also argues that his waiver of the right to an expunction is invalid because counsel was not present when E.L. signed the PTD Agreement.

#### No Evidence of Waiver

E.L. first argues that Appellees failed to prove their affirmative defense of waiver because they did not offer the PTD Agreement into evidence at the hearing. We have construed E.L.'s brief as challenging the legal sufficiency of the evidence supporting the trial court's implied finding in favor of Appellees on their affirmative defense of waiver. *See In re S.D.*, 349 S.W.3d 76, 79–80 (Tex.App.—El Paso 2010, no pet.).

When an appellant challenges the legal sufficiency of the evidence supporting an adverse finding on which the opposing party had the burden of proof, the appellant must demonstrate that there is no evidence, or merely a scintilla of evidence, to support the adverse finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005); *Rhey v. Redic*, 408 S.W.3d

440, 451 (Tex.App.—El Paso 2013, no pet.). Anything more than a scintilla of evidence is legally sufficient to support the trial court's finding on the affirmative defense of waiver. *City of Keller*, 168 S.W.3d at 813. To meet this standard, the evidence must rise to a level that "would enable reasonable and fair-minded people to reach the verdict under review." *Id.* at 827.

E.L. is correct that Appellees did not offer the executed PTD Agreement into evidence, but whether E.L. had signed the PTD Agreement was uncontested. The contested issue was whether the executed PTD Agreement was effective to waive E.L.'s right to expunction. E.L. admitted at the expunction hearing that he signed a document waiving his right to an expunction. While the better practice would have been to introduce the PTD Agreement into evidence, E.L.'s testimony provides more than a scintilla of evidence that he waived his right to an expunction.

### Waiver Not Part of the Plea Bargain

■ E.L. next argues that Appellees failed to prove that waiver of the right to an expunction was part of the plea bargain between E.L. and the State. Waiver is an affirmative defense, and Appellees had the burden to both plead and prove waiver. *See* TEX. R. CIV. P. 94; *In re A.G.*, 388 S.W.3d 759, 762 n. 1 (Tex.App.—El Paso 2012, no pet.); *Five Star International Holdings, Inc. v. Thomson, Inc.*, 324 S.W.3d 160, 165 (Tex.App.—El Paso 2010, pet. denied). Appellees included the affirmative defense of waiver in their original answer, and E.L. testified at the expunction hearing that he signed the PTD Agreement which included a provision purporting to waive his right to an expunction. E.L. does not cite any authority to support his claim that Appellees were required to additionally prove that waiver of the right to an expunction was part of his plea bar-

gain with the State, and we are not aware of such a requirement. While waiver of the right to an expunction can be made part of the plea bargain in a given criminal case, there is no authority for the proposition that a defendant's waiver of the right to seek an expunction is invalid unless it was part of the plea bargain.

### Right to Counsel

■ E.L. also contends that his waiver of the right to an expunction is invalid because his attorney was not present when he signed the PTD Agreement. Appellees respond that E.L. was not entitled to counsel when he was asked to sign the PTD Agreement because it was not a critical stage of the proceedings.

■ The Sixth Amendment right to counsel extends to all critical stages of the criminal proceeding, not just the actual trial. *Gilley v. State*, 418 S.W.3d 114, 120 (Tex.Crim.App. 2014). Not every event following the inception of adversary judicial proceedings constitutes a critical stage so as to invoke the right to counsel under the Sixth Amendment. *Id.* We examine the event to determine whether the accused required aid in coping with legal problems or assistance in meeting his adversary. *See id.*

The evidence shows that E.L.'s attorney obtained the District Attorney's Office agreement to allow E.L. to participate in the PTD Program. If E.L. successfully completed PTD, the theft charge would be dismissed, and if he did not, the case would proceed. After this agreement was secured, E.L. went to the Community Supervision office where he met with a supervising officer to review and sign the PTD Agreement. There is no evidence that E.L. required counsel at this meeting to cope with legal problems or to assist him in "meeting his adversary." This meeting at the probation office is similar to a routine

pre-sentence investigation interview, which has been held to not be a critical stage. *See United States v. Woods,* 907 F.2d 1540, 1543 (5th Cir.1990); *see also Reyes v. State,* 361 S.W.3d 222, 228 (Tex.App.—Fort Worth 2012, pet. ref'd). We conclude that the absence of counsel at this meeting does not invalidate the PTD Agreement or E.L.'s waiver of his right to an expunction. Issue One is overruled. The order denying E.L.'s petition for expunction is affirmed.