

# NUMBER 13-21-00308-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### EX PARTE A.T.R.

**On appeal from the 445th District Court
of Cameron County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant the Texas Department of Public Safety (DPS) appeals the trial court's order expunging records and files relating to a possession of marijuana charge against appellee A.T.R. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121. By its sole issue, DPS contends that the trial court erroneously expunged A.T.R.'s arrest record because A.T.R. was not entitled to have his records expunged.[1] We reverse and render.

---

[1] A.T.R. did not file a brief to assist us in the resolution of this matter.

## I. BACKGROUND

On July 12, 2006, A.T.R. was arrested and charged by information with possession of marijuana, a Class B Misdemeanor. *See id.* Pursuant to a plea agreement, A.T.R. pleaded guilty to the offense, and he was placed on deferred adjudication community supervision for a period of twelve months. After successfully completing community supervision, the trial court discharged him from community supervision on October 22, 2018. The State then dismissed the charge.

On March 5, 2021, A.T.R. filed a petition for expunction of records and files pertaining to his arrest pursuant to Texas Code of Criminal Procedure Article 55.01(a)(2). *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). In his petition, A.T.R. incorrectly stated that "no indictment or information was presented against [A.T.R.]." A.T.R. attached a copy of the "State's Motion to Dismiss" the charge against him, which noted that the State was seeking dismissal because "[t]he evidence is insufficient" and "in the interest of justice." DPS filed an answer asserting that, because A.T.R. was charged, pleaded guilty, and received deferred adjudication community supervision for the charge, he was not entitled to have records expunged under Article 55.01(a)(2). Copies of the charging instrument and the order discharging A.T.R. from community supervision were attached to DPS's answer.

The trial court held a hearing. DPS did not appear. Following a hearing, the trial court ordered that the records pertaining to A.T.R.'s arrest be expunged. This appeal followed.

## II. RESTRICTED APPEAL

A restricted appeal is a direct attack on a judgment or order which is available under certain conditions. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). To sustain a proper restricted appeal, DPS must prove: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *see also* TEX. R. APP. P. 30.

"[A]lthough the first three requirements for a restricted appeal are jurisdictional, the fourth is not. An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal." *Ex parte E.H.*, 602 S.W.3d at 497. Here, the record conclusively establishes the three jurisdictional requirements for a restricted appeal. *See id.* First, the trial court signed the expunction order on May 25, 2021,[2] and DPS filed its notice of restricted appeal on September 24, 2021, which was within six months after the order was signed. *See Pike-Grant*, 447 S.W.3d at 886. Second, DPS was a party to the underlying lawsuit. *See id.* And third, DPS did not participate in the hearing on A.T.R.'s petition for expunction. *See id.* Therefore, we have jurisdiction in this appeal.

---

[2] We note the order incorrectly lists the date as May 25, 2020. However, the record provides that the trial court signed the order on May 25, 2021.

3

### III.    EXPUNCTION

DPS contends that A.T.R. failed to establish that he was entitled to expunction because A.T.R. pleaded guilty to a charge resulting from the arrest, and he was placed on community supervision. We agree with DPS.

### A.    Standard of Review

A trial court's ruling on a petition for expunction is reviewed for an abuse of discretion. *State v. T.S.N.,* 547 S.W.3d 617, 620 (Tex. 2018). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules and principles of law. *Id.* Under this standard, we afford no deference to the trial court's legal determinations, recognizing that the trial court has no discretion in deciding what the law is or in applying it to the facts. *Id.* Thus, a trial court's legal conclusions are reviewed de novo. *Id.* When conducting our review, however, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues committed to the trial court's discretion. *In re A.G.,* 388 S.W.3d 759, 761 (Tex. App.—El Paso 2012, no pet.).

### B.    Applicable Law

"Expunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure." *Ex parte R.P.G.P.,* 623 S.W.3d 313, 316 (Tex. 2021). A person who has been placed under arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if "the person has been released and the charge, if any, has not resulted in a final conviction is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense." TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). To qualify for the privilege, the petitioner must prove he has met all the statutory requirements. *Tex. Dep't of Pub. Safety*

4

*v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.). "Because the remedy is a privilege defined by the Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts." *Ex parte R.P.G.P.*, 623 S.W.3d at 316.

## C.   Analysis

It was A.T.R.'s burden to prove he met the statutory requirements. *See J.H.J.*, 274 S.W.3d at 806. The face of the record shows that A.T.R. pleaded guilty to the offense for which he was arrested and was ordered to participate in community supervision under code of criminal procedure Chapter 42A; therefore, the statute expressly excludes him from the privilege of expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (requiring there be "no court-ordered community supervision under Chapter 42A for the offense" to obtain relief); *J.H.J.*, 274 S.W.3d at 809 ("[W]e hold that a person's release from the 'penalties and disabilities' of a criminal offense does not entitle that person to expunction, which is a civil privilege granted to eligible citizens.").

Nevertheless, the trial court granted A.T.R.'s petition. *See Ex parte R.P.G.P.*, 623 S.W.3d at 316 (citing *Ex parte E.H.*, 602 S.W.3d at 489) (addressing expunction and stating that "the statutory requirements [under article 55.01] are mandatory and exclusive and cannot be equitably expanded by the courts"). The trial court had no discretion "to extend the expunction statute beyond its stated availability." *J.H.J.*, 274 S.W.3d at 811; *see Ex parte E.H.*, 602 S.W.3d at 489; *see also Ex parte Vega*, 510 S.W.3d 544, 551 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (providing that a petitioner is not

entitled to expunction if the petitioner received community supervision for any charge stemming from an arrest).

Having reviewed the entire record, we conclude the trial court's order granting A.T.R.'s petition for expunction did not comply with Article 55.01(a)(2), and it was an abuse of discretion. *See Ex parte E.H.*, 602 S.W.3d at 489. The trial court's expunction order constitutes error on the face of the record. *See* Tex. R. App. P. 30; *Ex parte E.H.*, 602 S.W.3d at 495; *Pike-Grant*, 447 S.W.3d at 886. We sustain DPS's sole issue.

## IV.    CONCLUSION

We reverse the trial court's order expunging A.T.R.'s criminal records and render judgment denying expunction.

JAIME TIJERINA
Justice

Delivered and filed on the
8th day of September, 2022.

6