

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

———————————————

No. 08-25-00078-CV

———————————————

In the Matter of the Expunction of K.J.

On Appeal from the 168th District Court
El Paso County, Texas
Trial Court No. 2024DCV3415

## MEMORANDUM OPINION

Appellants, El Paso County Sheriff's Office, El Paso County Attorney's Office, El Paso County Clerk's Office, 34th Judicial District Attorney's Office, El Paso County District Clerk's Office, El Paso County Records Management and Archives, West Texas Community Supervision and Corrections Department, El Paso County Court Administration Office, and El Paso County Jail Magistrate (collectively, the State), appeal an order granting a petition for expunction filed by the appellee, K.J. The State argues in a single issue that the trial court erred by granting the petition because K.J. failed to prove that she met the statutory requirements to obtain an expunction. We agree, reverse the trial court's order and render judgment denying the petition for expunction.

# I. BACKGROUND

In August 2022, a grand jury returned an indictment charging K.J. with two counts of causing serious bodily injury or serious mental deficiency, impairment, or injury to a child and three counts of causing bodily injury to a child. Each offense was alleged to have occurred in either January or March of 2021.

On March 13, 2024, the State moved to dismiss the case. In the motion, the assistant district attorney provided two bases for dismissing the case: "The evidence is insufficient" and "Defendant completed course."[1] The court granted the motion and dismissed the case that same day.

K.J. filed her petition for expunction on July 25, 2024. In the petition, K.J. sought the expunction of all records and files pertaining to her arrest for the offenses charged in the August 2022 indictment. K.J. attached the dismissal order as an exhibit to her petition.

The El Paso County Attorney filed an answer on behalf of the State on September 27, 2024. In its answer, the State argued, among other things, that records related to an offense for which a person has been charged and the charges have been subsequently dismissed "may only be expunged where the case was dismissed for reasons inapplicable here *or* the limitations period for prosecution of the offense has expired" (emphasis in original). The State also argued that dismissal of a case due to insufficient evidence does not constitute a reason for expunction under the Texas Code of Criminal Procedure and that the limitations period for the offenses for which K.J. was charged have not expired.

The trial court held a hearing on K.J.'s petition on November 21, 2024. At the hearing, K.J. argued that the trial court could grant the expunction because the Texas Code of Criminal

---

[1] According to a statement K.J.'s counsel made at a November 21, 2024, hearing in the trial court regarding K.J.'s petition for expunction, the course K.J. completed was a parenting class.

2

Procedure allows for expunction when the presentment of a charging document was "made because of mistake, false information or similar reason, including absence of probable cause at the time of dismissal to believe the person committed the offense." The State asserted that the statutory requirements for expunction were mandatory, that the dismissal of a case due to insufficient evidence was not a basis for granting an expunction, that the statute of limitations for the offenses alleged against K.J. had not expired, that the burden of establishing a right to an expunction is on the petitioner, and that the bases for expunction presented by K.J. were insufficient. Neither K.J. nor the State, however, offered any evidence at the hearing. At the conclusion of the hearing, the trial court found that K.J. met her burden of establishing the right to an expunction by submitting a motion to dismiss, in which the State asserted there was insufficient evidence in the case. The court then stated that it would grant the petition. The trial court signed a written order granting K.J.'s petition for expunction on February 14, 2025. This appeal followed.

## II. Discussion

In their sole issue on appeal, the State argues that the trial court erred in granting K.J.'s petition since she failed to establish that she met the statutory requirements for obtaining an expunction and failed to carry her burden of establishing a right to an expunction.

### A. Standard of review

A trial court's ruling on a petition for expunction is reviewed for an abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *Matter of Expunction of R.P.*, 574 S.W.3d 641, 643 (Tex. App.—El Paso 2019, no pet.). When conducting our review, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues committed to the trial court's discretion. *In re A.G.*, 388 S.W.3d 759, 761 (Tex. App.—El Paso 2012, no pet.). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules

3

and principles of law. *Id*. Under the abuse-of-discretion standard, we afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts. *T.S.N.*, 547 S.W.3d at 620; *In re Expunction of A.H.*, 580 S.W.3d 841, 848 (Tex. App.—El Paso 2019, no pet.). To the extent a ruling on an expunction petition turns on a question of law, we review the trial court's ruling de novo. *See T.S.N.*, 547 S.W.3d at 620; *Matter of Expunction of R.P.*, 574 S.W.3d at 643.

### B. Applicable law

"A petitioner's right to expunction is purely a matter of statutory privilege." *In re Expunction of O.A.T.*, 618 S.W.3d 767, 774–75 (Tex. App.—El Paso 2020, no pet.). Expunctions in Texas are governed by Article 55.01 of the Texas Code of Criminal Procedure, which establishes the conditions a petitioner must meet to be entitled to an expunction.[2] *See* Tex. Code Crim. Proc. Ann. art. 55.01; *In re Expunction of O.A.T.*, 618 S.W.3d at 770–71.

When, as here, an indictment is filed against a person but later dismissed, the person may be entitled to an expunction if she can establish that the following preliminary conditions were met: (1) she was released from custody; (2) the charges filed against her did not result in a final conviction; (3) the charges are no longer pending; and (4) she was not placed on community supervision under Chapter 42A for any of the charged offenses. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). In addition, as relevant here, a person must also plead and prove that (1) the indictment

---

[2] Effective January 1, 2025, the Legislature repealed Chapter 55 of the Code of Criminal Procedure, which governed the expunction of criminal records, and enacted Chapter 55A of the Code of Criminal Procedure as part of a non-substantive revision. *See* Tex. Code Crim. Proc. Ann. ch. 55 *repealed by* Act of May 19, 2023, 88th Leg. R.S., ch. 765, §§ 3.001(6), 4.001–.002, 2023 Tex. Gen Laws 1837, 1928 (codified at Tex. Code Crim. Proc. Ann. ch. 55A). We cite to the relevant provisions of Chapter 55 in this opinion since that was the law in effect at the time K.J. filed her expunction petition and at the time of the hearing in the trial court. *See Ex parte E.H.*, 602 S.W.3d 486, 489 & n.4 (Tex. 2020) (acknowledging that the expunction statute has undergone numerous changes but choosing to apply the version of the law that was in effect at the time of the petitioner's expunction hearing); *see also J.C. v. Harris Cnty. Dist. Attorney's Office*, 667 S.W.3d 376, 380 & n.5 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (also acknowledging that the expunction statute had undergone changes but also applying the version of the statute in effect at the time of the petitioner's expunction hearing).

that was filed against her was dismissed or quashed because "the presentment[3] [of the indictment was] made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense"; (2) the indictment was dismissed or quashed because the person completed a veterans treatment court program, a mental health court program, or a pretrial intervention program authorized under § 76.011 of the Government Code; or (3) "prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired." *Id*. art. 55.01(a)(2)(A)(ii)(a)–(d), (a)(2)(B). Another means by which a person may be entitled to expunction is if she can establish that a prosecution for the offenses for which he was arrested is "no longer possible because the limitations period has expired." *Id*. art. 55.01(a)(2)(B).

A petitioner bears the burden of showing that all the statutory conditions have been met before she is entitled to an expunction. *Id*.; *In re Expunction of O.A.T.*, 618 S.W.3d at 771. When a party holding criminal records opposes a petition for expunction, the petitioner must submit evidence to establish each element of her claim at a hearing, because attachments to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *Ex parte Jui*, No. 04-14-00701-CV, 2015 WL 1004235, at *1 (Tex. App.—San Antonio Mar. 04, 2015, no pet.) (mem. op.); *Ex parte D.T.*, No. 07-20-00162-CV, 2021 WL 4876264, at *3-4 (Tex. App.—Amarillo Oct. 18, 2021, no pet.) (mem. op.); *In re Expunction of A.H.*, 580 S.W.3d at 847; *In re V.H.B.*, 583 S.W.3d 636, 640 (Tex. App.—El Paso 2018, pet. denied).

As a general rule, a trial court has no discretion to deny a petition for expunction if the petitioner meets the burden of establishing all the statutory requirements. *In re Expunction of A.H.*,

---

[3] An indictment is considered "presented" when it has been duly acted upon by the grand jury and received by the court. *In re Expunction of A.H.*, 580 S.W.3d 841, 847 n.7 (Tex. App.—El Paso 2019, no pet.) (citing Tex. Code Crim. Proc. Ann. art. 12.06).

5

580 S.W.3d at 847. Conversely, a trial court has no equitable power to extend the "clear meaning of the expunction statute, and the trial court therefore has no authority to grant an expunction if the petition fails to demonstrate strict compliance with the conditions imposed by the statute." *Id*.; *In re Expunction of E.G.-L.*, No. 08-18-00087-CV, 2019 WL 5206000, at *4 (Tex. App.—El Paso Oct. 16, 2019, no pet.) ("[T]rial courts have no equitable power to grant an expunction should a petitioner fail to establish his or her right to such remedy by demonstrating strict compliance with the statutory requirements.") (citing *In re A.G.*, 388 S.W.3d at 761).

### C. Analysis

In its appellate brief, the State argues that K.J. failed to carry her burden to show that the statute of limitations for the offenses for which K.J. had been arrested had expired, that the case had been dismissed "because of some reason indicating the absence of probable cause at the time of dismissal," or that any other basis for granting her expunction request existed. In response, K.J. argues that the trial court found, at the hearing, that the case had been dismissed due to insufficient evidence and that the evidence showed that "there wasn't any evidence on the case." K.J.'s sole argument on appeal is that the trial court properly granted her expunction petition based on the statutory provision that provides that a person is entitled to expunction if she establishes that the indictment which was filed against her was dismissed or quashed because "the presentment [of the indictment was] made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense."[4] Tex. Code Crim. Proc. Ann art. 55.01(a)(2)(A)(ii)(d).

---

[4] K.J. does not contend on appeal that the statute of limitations has passed and that the trial court was correct in granting her expunction on that basis. Rather, her argument for expunction rests solely on the provision dealing with lack of probable cause at the time the indictment issued.

K.J. bore the burden of proving that all the statutory requirements for expunction were satisfied. *In re Expunction of O.A.T.*, 618 S.W.3d at 771; *In re Expunction of A.H.*, 580 S.W.3d at 847; *In re Expunction of R.P.*, 574 S.W.3d at 644. This Court has stated previously that "a finding that the presentment of an indictment was made because of mistake, false information, or other similar reason indicating the absence of probable cause requires proof that the grand jury based its decision on erroneous facts." *In re Expunction of V.R.*, 624 S.W.3d 289, 293 (Tex. App.—El Paso 2021, no pet.); *see In re Expunction of R.R.*, 342 S.W.3d 126, 130 (Tex. App.—El Paso 2011, no pet.) ("In order for expunction to lie, the evidence must show that the decision to indict was based on erroneous facts."); *In re Expunction of A.H.*, 580 S.W.3d at 850 ("[T]he statute requires the petitioner to affirmatively demonstrate that the indictment was dismissed because 'there was no factual underpinning' supporting the grand jury's probable cause determination.") (quoting *Ex parte Kilberg*, 802 S.W.2d 17, 19 (Tex. App—El Paso 1990, no writ)).

K.J. did not offer any evidence to support her petition. *See Ex parte D.T.*, 2021 WL 4876264, at *3–4. Although she relied, in the trial court and on appeal, on the motion to dismiss the case against her that was attached to her expunction petition, she did not offer the exhibit as evidence during the November 21, 2024, hearing nor offer any other evidence. The motion was not admitted as evidence by the trial court, and it does not constitute evidence in this case. *See id.* at *4; *Ex parte Jui*, 2015 WL 1004235, at *1. As a result, K.J. failed to meet her burden of showing that she is entitled to an expunction, and there is no evidence in the record to support the trial court's finding that K.J. satisfied the statutory requirements for an expunction. *See In re Expunction of Worrell*, 334 S.W.3d 342, 346 (Tex. App.—El Paso 2011, pet. denied) (ruling the trial court abused its discretion in granting the petition because the petitioner failed to introduce evidence in support of her petition); *In re Expunction of M.R.*, 327 S.W.3d 306, 309 (Tex. App.—El Paso 2010,

no pet.) ("Since there is no evidence to support M.R.'s expunction, and because M.R. did not meet her burden in showing how she is entitled to an expunction . . . the trial court abused its discretion in ordering M.R.'s record expunged."); *In re Expunction of A.G.*, 388 S.W.3d at 762 (holding that because the petitioner did not offer any evidence at the hearing in support of her petition, petitioner failed to establish that he was entitled to expunction).

Even if the dismissal motion had been offered and admitted into evidence at the hearing, the motion indicated only that the State sought dismissal because "[t]he evidence is insufficient" and that K.J. completed a course. "[D]ismissal of an indictment based on insufficient evidence to obtain a conviction cannot be the basis of an expunction." *In re Expunction of V.R.*, 624 S.W.3d at 293; *see Expunction of A.H.*, 580 S.W.3d at 851 (holding that dismissal of an indictment based on "insufficient evidence to prove a defendant's guilt[] beyond a reasonable doubt at the time of trial . . . is not a basis for obtaining an expunction under the statute"); *In re Expunction of A.M.*, 511 S.W.3d 591, 596 (Tex. App.—El Paso 2015, no pet.) ("The dismissal of an indictment due to insufficient evidence to obtain a conviction cannot be the basis of an expunction because it is not evidence that presentment of the indictment was made because of mistake, false information or other similar reason indicating absence of probable cause at the time of the dismissal to believe that the defendant committed the offense."); *In re Expunction of C.V.*, 214 S.W.3d 43, 45 (Tex. App.—El Paso 2006, no pet.) ("Insufficient evidence cannot be the basis of an expunction."). Also, the motion, which provided no further detail regarding the course K.J. completed, did not show that K.J. completed a veterans treatment program, a mental health court program, or a pretrial intervention program.[5] Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii)(a)–(c).

---

[5] As noted above, K.J.'s counsel represented to the trial court at the November 21, 2024, hearing that the course K.J. completed was a parenting class.

Because K.J. failed to establish a right to an expunction, the trial court erred in granting K.J.'s petition for expunction. We sustain the State's sole issue.

## III. Conclusion

Having sustained the State's sole issue, we reverse the trial court's order and render judgment denying the petition for expunction.

MARIA SALAS MENDOZA, Chief Justice

March 17, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.